[No. 650. Decided November 30, 1892.]

WHIDBY LAND AND DEVELOPMENT COMPANY, *Respondent*, v. JOHN L. NYE *et al.*, *Appellants*.

APPEAL—STATEMENT OF FACTS NECESSARY—VACATION OF JUDGMENT—PROCEDURE.

An appeal from an order denying a motion to vacate a judgment will be dismissed where the affidavits and other papers filed upon the motion to vacate have not been brought to the supreme court by a statement of facts or bill of exceptions.

*Semble,* That, under the provisions of Code Proc., §§ 1393–97, relating to the procedure in proceedings to vacate a judgment, the filing of affidavits to be used on the trial is not permissible.

*Appeal from Superior Court, Lewis County.*

*George E. Rhodes,* for appellants.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—This is an appeal from an order of the superior court of Lewis county denying a motion to vacate

a judgment entered in favor of the respondent and against the appellants in the above entitled action.

The respondent moves the court to strike from the transcript the affidavits and other papers filed in the lower court in this proceeding, and to dismiss the appeal, for the reason that the same are not properly a part of the record in this court. There is no certified statement of facts, or bill of exceptions, in the transcript, and there is, therefore, nothing in the record which we are at liberty to consider.

And it may be well here to observe that the appellants in this case entirely overlooked the provisions of the statute relating to the procedure in proceedings of this character. The law provides that when a party seeks to vacate a judgment, he must file a petition verified by affidavit, setting forth the judgment, the facts constituting a cause to vacate it, and the facts constituting a defense to the action, if the party applying be a defendant. In such proceedings the parties are brought into court in the same way, on the same notice as to time and mode of service, and the issues are tried in the same manner, as in ordinary actions. The facts stated in the petition are deemed denied without answer, and the defendant cannot introduce any new cause, and the cause of the petition is alone tried. Code Proc., §§ 1393–97. From these provisions it would seem that the legislature did not contemplate the filing of affidavits to be used on the trial in these causes, and we are, therefore, of the opinion that they should generally be excluded. But if permissible at all, to be available on appeal, they should be properly incorporated in a bill of exceptions. *Spokane Falls v. Curry*, 2 Wash. 541 (27 Pac. Rep. 477).

The appeal is dismissed.

SCOTT, DUNBAR, STILES and HOYT, JJ., concur.