[No. 17737. Department Two. October 4, 1923.]

## H. BAER, *Respondent,* v. FRANK LEBECK, *Defendant,* COLUMBIA VALLEY BANK, *Garnishee Defendant, Appellant.*[1]

JUDGMENT (35)—DEFAULT—APPLICATION—NATURE OF. A "motion" so called, to set aside a default judgment upon allegations which make it in substance a petition seeking the setting aside of the judgment upon the ground of fraud, will be treated as a petition.

SAME (45) — DEFAULT — VACATION—EXCUSES—AGREEMENT WITH PLAINTIFF. A petition to set aside a default judgment against a garnishee, on the ground that the garnishee was induced not to appear by the promise of the plaintiff to have its answer prepared and filed, presents an issue of fact to be tried out by the court, and it is error to deny the petition without such trial.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered April 4, 1922, denying the vacation of a default judgment. Reversed.

*Sam R. Sumner* and *Sumner & Lebeck,* for appellant.

*C. B. Connor,* for respondent.

[1]Reported in 219 Pac. 22.

PARKER, J.—The garnishee defendant bank commenced this proceeding in the superior court for Douglas county, seeking the setting aside of a default judgment rendered by that court against it in favor of the plaintiff, Baer. From a judgment rendered in the proceeding by that court denying the relief prayed for by the bank, it has appealed to this court.

On November 5, 1917, a judgment was rendered in the superior court for Douglas county in favor of Baer and against the defendant Lebeck for the sum of $565. On February 17, 1920, W. S. Belser, as agent for Baer, filed in the cause an affidavit for a writ of garnishment against the bank, and thereby caused such a writ to be issued commanding the bank to answer as to what amount, if any, it was indebted to Lebeck. This writ was served upon the bank by Belser, he making return by affidavit evidencing such service. The bank did not answer within the statutory period, and thereafter, without further notice to the bank, Baer caused it to be adjudged in default, which was followed on the same day, April 23, 1920, by a judgment being rendered accordingly in his favor and against the bank as garnishee for the sum of $649, that being the amount, with accumulated interest, then due upon the judgment rendered in favor of Baer and against Lebeck. On June 22, 1920, the bank, by its attorney, filed in the cause its application seeking the setting aside of the default judgment so rendered against it as garnishee. This application was upon its face termed a "motion." After referring to the default judgment and asking that it be set aside, the application reads:

"for the reason that said judgment was entered against it irregularly and without notice to this garnishee defendant; and further, for an order permitting the garnishee defendant to file its answer as such gar-

nishee defendant in the above entitled cause, a copy. of which is hereto attached.

"This motion is based upon the affidavit of Harry E. Jones, hereto attached, and the records and files in this cause."

The affidavit attached to and made part of this application reads in part as follows:

"Harry E. Jones, being first duly sworn upon oath deposes and says: That he is a citizen of the United States, over the age of 21 years and has been such at all times hereinafter mentioned; that for the past ten years he has been the assistant cashier of the Columbia Valley Bank in Wenatchee, Washington; that at the time of the service of the writ of garnishment upon the Columbia Valley Bank, as garnishee defendant in the above entitled cause, the service was made upon him as an officer of said bank by one W. S. Belser, who conducts a collection agency in Wenatchee, Washington; that he is informed and believes the account sued upon in his action is one that has been placed by the plaintiff in the hands of the said collection agency for collection against the defendant, Frank Lebeck, for medical services performed; that at the time of the service of said writ on the Columbia Valley Bank by the said W. S. Belser, affiant told the said Belser there was something like $30 in the account, and asked the said Belser if the Columbia Valley Bank should go ahead and have its attorney appear in said action and answer the said writ of garnishment, stating the amount of funds which it had on hand belonging to the defendant, or whether the said Belser would have the answer prepared for the bank and filed, same thereby eliminating further costs in so far as the Columbia Valley Bank was concerned; that said Belser replied to affiant that he would have the answer prepared and filed in said cause, and therefore affiant took no further action on behalf of the bank in answering said writ, nor did it pay any further attention to said matter until notice was served upon it that judgment had been obtained in the sum of $649 against it."

This is followed by a statement, in substance, that there never has been in the hands of the bank any property or funds belonging to Lebeck and subject to such garnishment exceeding the sum of $32.20, which sum, it is admitted, was and is subject to such garnishment. The bank tendered with this application to set aside the default judgment its answer as garnishee accordingly, and asked that its liability as such garnishee be determined upon the merits. On April 4, 1922, the trial court denied the bank's application for the setting aside of the default judgment by a final judgment entered that day. The record before us warrants the assumption that the trial court did not, in rendering its judgment, try or consider any issue of fact raised in the application and accompanying affidavit. It is so conceded by counsel on both sides. In the judgment denying the application, the trial court recites:

"The motion to vacate the judgment is based on the ground that the judgment was irregularly obtained . . . The motion is not based on the ground of fraud in obtaining the judgment . . ."

It is apparent that the trial court disposed of the application seeking the vacation of the judgment upon the theory that it was a motion based solely upon the records and files of the cause; that is, that it was an application seeking the setting aside of the judgment upon the sole theory that it was irregularly rendered, in the light of the record of the cause. It is true that the portion of the application signed by counsel for the bank was at the heading termed a "motion," but it seems to us that, upon a reading of the above quoted portion of that paper in connection with the affidavit of Mr. Jones, the assistant cashier of the bank, attached to and made a part of that application, the

whole must be considered not only as a motion to set aside the judgment upon grounds of irregularity which may appear in the record of the cause, but also as a petition seeking the setting aside of the default judgment on the ground of fraud, since it contains allegations which make it in substance a petition seeking the setting aside of the judgment upon the ground of fraud, consisting of alleged statements made by Belser, as agent for Baer, at the time of the service of the writ of garnishment by him upon the bank, that he would prepare an answer for the bank to the end that expense might be saved to all parties concerned, in view of the small deposit of Lebeck in the bank, thus leading the bank to refrain from taking upon itself the responsibility of preparing and filing its answer.

If these allegations be true, it seems plain to us that the default judgment was obtained against the bank in fraud of its rights, in view of the fact that it was so induced by Belser, as agent of Baer, to refrain from answering within the statutory period. This is the fourth ground specified in § 464, Rem. Comp. Stat. [P. C. § 8130], for the setting aside of a judgment, to wit: "Fraud practiced by the successful party in obtaining the judgment"; and calls for the trial of an issue so raised by a petition, without answer, as provided by §§ 467 and 468, Rem. Comp. Stat. [P. C. §§ 8133, 8134]. Observations made in *Harju v. Anderson*, 125 Wash. 161, 215 Pac. 327, lend support to the view that we should determine whether an application to set aside a judgment is a motion to be disposed of solely as such, or a petition to be disposed of by trial of issues of fact, by reference to the substance of the allegations therein, rather than by the mere name it may be given by the one who prepares it for the applicant.

We conclude that the trial court fell into error in disposing of the bank's application by ignoring the allegations of fraud set up in the application and affidavit, which together constituted a petition, without a trial of the issues of fact tendered by the petition upon the question of fraud "practiced by the successful party in obtaining the judgment."

The judgment refusing to set aside the default judgment is reversed, and the cause remanded to the superior court for such further proceedings as may not be inconsistent with the views herein expressed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.