[No. 31908. Department Two. August 29, 1952.]

CARROLL WILLIAM WOOD, *by Estelle Wood, his Guardian ad Litem, Appellant,* v. COPELAND LUMBER COMPANY *et al., Respondents.*[1]

*Estelle Wood, pro se.*

*Kahin, Carmody & Horswill,* for respondents.

HILL, J.—This appeal is prosecuted from an order denying a petition to vacate a judgment. The litigation has been protracted. Carroll Wood, then thirteen years of age, was injured February 28, 1946, when struck by a truck owned by the Copeland Lumber Company and driven by Frank Pitardi. An action brought by the appellant as the minor's guardian *ad litem* resulted in a verdict for the defendants, respondents here. An appeal to this court resulted in the granting of a new trial. *Wood v. Copeland Lbr. Co.,* 32 Wn.

[1] Reported in 247 P. (2d) 801.

(2d) 490, 202 P. (2d) 453 (1949). The second trial also resulted in a verdict for the defendants, and a judgment of dismissal was entered May 17, 1950. No appeal was taken, but on May 16, 1951, just within the statutory limit of one year, a petition for vacation of the judgment and for a new trial was filed, specifically on the basis of fraud practiced by the successful party in obtaining the judgment. RCW 4.72.030, 4.72.010(4); cf. Rem. Rev. Stat., §§ 467, 464. A hearing on this petition was held June 15, 1951, and the petition to vacate the judgment was denied by an order made and entered June 21, 1951. This appeal followed.

The fraud sought to be proved is that a photograph admitted as an exhibit at the trial of the damage action and bearing the date of March 4, 1946, was actually taken about April 20, 1946, and that the jury and the court were intentionally misled into believing that the picture was taken on the earlier date. The picture purports to show the wheel marks made by the truck that injured the minor, and appellant contends that heavy rains between March 4th and April 20th, established by a weather bureau report, made it impossible for the wheel marks shown in the picture (if taken, as contended, about April 20th) to be the wheel marks made by the truck on February 28th.

The photographer, John Edson Farrar, had testified with reference to the date of March 4, 1946, on the picture:

"That is the approximate time, at least, that the pictures were taken. I'm pretty sure in stating that that is the date the pictures were taken."

Appellant attached to her petition to vacate the judgment what purports to be a later statement made by the photographer before a court reporter, from which appellant deduces that the picture was taken approximately April 20th. That date is arrived at somewhat circuitously. In that statement, Mr. Farrar states that he took the picture two or three days before he took some pictures for a Mr. J. B. Stillwell, and that Mr. Stillwell paid him a week or ten days after the pictures he ordered were taken. An affidavit by Mr. Stillwell was filed as an exhibit in which it was stated that the pictures taken for Mr. Stillwell by Mr. Farrar were of a

slide area, the slide having been caused by rains and snow-storms of March 26 and 27, 1946, and that Mr. Farrar was paid for the pictures on April 30, 1946.

Assuming the materiality of the difference as to the date on which the picture was taken, and assuming that, had the jury realized that the picture was not taken until about April 20, 1946, it might have brought in another verdict, we must still agree with the trial court that the appellant did not prove extrinsic or collateral fraud, as those terms have been defined in our cases. See *Farley v. Davis,* 10 Wn. (2d) 62, 116 P. (2d) 263, 155 A. L. R. 1302 (1941), in which Judge Steinert cites many cases to support the proposition that:

■ " 'Extrinsic or collateral fraud,' justifying equitable relief against a judgment or decree, means some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy."

■ The burden was on the appellant at the hearing on the petition to vacate the judgment, to establish, by clear, cogent, and convincing evidence that the photographer's testimony at the trial in 1950 as to the date the picture was taken was either false or misleading, and that respondents or their counsel knew that the picture was taken at a considerably later date than March 4, 1946, and intentionally deceived or misled the court and the jury on that point. The photographer was not presented as a witness at the hearing on the petition, nor was his deposition taken; his statement upon which appellant relies is not even an *ex parte* affidavit; it is merely an unsigned, unsworn record of an examination (of which respondents had no notice) of the photographer in the office of appellant's then attorney. That statement was clearly inadmissible and was not even offered as an exhibit. Not only was there no clear, cogent, and convincing evidence, but there was no competent evidence at all, of fraud.

Appellant, though not a lawyer, presented her case at the hearing on the petition to vacate the judgment and, still appearing *per se,* has taken this appeal, filed her briefs, and argued the case in this court. Had she been represented by

counsel, he would have advised her that the respondents were entitled to cross-examine Mr. Farrar and Mr. Stillwell and that the trial court could not decide the issues raised on the petition to vacate the judgment on *ex parte* affidavits (except by agreement or stipulation) or on an unsigned, unsworn statement such as the record of the examination of Mr. Farrar attached to her petition, any more than it could have given her judgment in the original action for damages on the basis of *ex parte* affidavits and statements.

 Our statute provides that the proceeding on the hearing on a petition to set aside a judgment for fraud shall be ". . . conducted in the same way, as near as can be, as in original action. . . ." RCW 4.72.040; *cf.* Rem. Rev. Stat., § 468.

The appellant's need of competent legal advice is apparent throughout the record of the proceeding and the briefs, but nowhere more so than in a statement in her reply brief, in answer to the respondents' contention that she should have produced the photographer for examination and cross-examination, where she says:

"Appellant submits that inasmuch as the facts given by J. Edson Farrar in his statement are relevant and peculiarly within the knowledge of respondents and their photographer, and difficult for appellant to prove, the presumption of complete credibility to the facts shown therein may be accepted."

The trial judge, impressed, as one must be, with appellant's persistence, gave her every consideration at the hearing on her petition, practically setting aside all the rules of evidence to enable her to make her record; but difficulty of proof is not an excuse for failure to prove. No reason other than that contained in the quoted statement is suggested for the failure to call the man who must of necessity have been the key witness in the hearing to vacate the judgment. The appellant relies upon a nonexisting presumption.

The order is affirmed.

Schwellenbach, C. J., Hamley, Finley, and Olson, JJ., concur.