[No. 6243–1–III.   Division Three.   July 23, 1985.]

*In the Matter of the Marriage of* MARCIA MADDIX,
*Respondent, and* LLOYD JENSEN,
*Appellant.*

*Ross P. White* and *Layman, Loft, Smythe & Arpin,* for appellant.

*Carl Maxey,* for respondent.

McINTURFF, J.—Marcia M. Jensen (Maddix) moved for vacation of her decree of dissolution on the ground her former husband, Lloyd, fraudulently withheld from her the value of his business. The court set aside the decree for the sole purpose of establishing the value of the business. We reverse and remand for the taking of testimony on the issue raised by the affidavits supporting and resisting vacation.

Marcia and Lloyd M. Jensen were married June 16, 1973, in Michigan, and separated in Spokane on May 31, 1981. In July 1981, the parties contacted an attorney to act as scrivener in drafting the dissolution documents. Both had agreed on the division of assets and liabilities, which included an award to Mr. Jensen of his share of assets in his company, Inland Mechanical Service, Inc. The business had been established in September 1980 by Mr. Jensen in partnership with James Armor.

Three affidavits were submitted to the court, one by each of the parties and one by James Armor. Mrs. Jensen's affidavit stated she had asked about the value of the company prior to agreeing to the property settlement, but had been told by her husband it had no value. Subsequent to the entry of the final decree, she talked with Mr. Armor, who represented her share of the company was worth approximately $25,000. She also discovered a financial statement dated June 25, 1981, prepared by Mr. Armor, which indicated the net worth of the company was $93,296.

Mr. Jensen's affidavit disputes both the timing of his wife's discovery and the value placed on the business by Mr. Armor. He further states although he offered to open the company's financial records to an independent auditor, Mrs. Jensen allowed the final decree to be entered on October 28, 1981, without further investigation.

On April 7, 1983, Mrs. Jensen moved to set aside that portion of the decree related to the disposition of Mr. Jensen's interest in the business. The motion was made pursuant to CR 60(b)(4) alleging fraud, misrepresentation or

other misconduct by Mr. Jensen. In granting the motion, the court found the husband had failed to disclose the value of his business. Trial was set to determine the value of the business at the time the decree was entered.

■ The first issue raised by Mr. Jensen concerns the procedure used by Mrs. Jensen to bring this matter before the court. The record discloses Mrs. Jensen prepared the motion as a matter of law and served the papers on Mr. Jensen's attorney, rather than personally serving Mr. Jensen. Even if we do assume the service was ineffective[1] pursuant to CR 60[2] we conclude there was a waiver by Mr.

---

[1]*See Allen v. Allen,* 12 Wn. App. 795, 797, 532 P.2d 623 (1975); *Foster v. Foster,* 130 Wash. 376, 227 P. 514 (1924); *State ex rel. Hibler v. Superior Court,* 164 Wash. 618, 3 P.2d 1098, 78 A.L.R. 366 (1931); CR 5(b)(4).

[2]CR 60 provides in part:

"**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

" . . .

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

" . . .

"The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, . . .

" . . .

"**(e) Procedure on Vacation of Judgment.**

"(1) *Motion.* Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding.

"(2) *Notice.* Upon the filing of the motion and affidavit, the court shall enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

"(3) *Service.* The motion, affidavit, and the order to show cause shall be served upon all parties affected *in the same manner as in the case of summons in a civil action* at such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record

Jensen of his jurisdictional argument, because he did not ask for an immediate ruling by the court on the issue of jurisdiction, and he submitted an affidavit and memorandum of authorities refuting the merits of Mrs. Jensen's position.

CR 12(h)(1) states:

A defense of lack of jurisdiction over the person . . . [or] insufficiency of process . . . is waived (A) if omitted from a motion in the circumstances described in section (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading . . .

In *Sanders v. Sanders*, 63 Wn.2d 709, 388 P.2d 942 (1964), the court stated at pages 714–15:

In order to preserve the jurisdictional question the defendant must, however, proceed without equivocation, precisely and with dispatch. . . .

. . . To constitute a motion challenging jurisdiction the statement must be clear enough both to inform the trial judge as to the nature of the issue and to ask for an immediate ruling on it. While the bare statement that the attorney is there on a special appearance may serve to inform the judge of jurisdictional problems, it in no way requests an immediate ruling, and there is no opportunity for objection thereto or for noting same for purposes of the record.

Nothing in the record indicates Mr. Jensen asked for an immediate ruling on the jurisdictional question nor did the court make reference to it in its findings of fact and conclusions of law. The proper conclusion, therefore, is that although the court may have lacked personal jurisdiction over Mr. Jensen because of Mrs. Jensen's failure to comply with the statutory guidelines, Mr. Jensen waived that defense by presenting arguments on the merits and failing to ask for an immediate ruling on the jurisdictional issue. *Cf. Raymond v. Fleming*, 24 Wn. App. 112, 114, 600 P.2d 614 (1979) (The defense of insufficient service of process must be affirmatively pleaded in the answer or included in

---

of such parties in such action or proceeding such time prior to the hearing as the court may direct." (Some italics ours.)

a motion.), *review denied,* 93 Wn.2d 1004 (1980).

Mr. Jensen next contends the court failed to find nine elements of fraud with clear, cogent and convincing evidence. *North Pac. Plywood, Inc. v. Access Road Builders, Inc.,* 29 Wn. App. 228, 628 P.2d 482 (1981). The findings and conclusions do not make specific reference to fraud, but only state Mr. Jensen failed to disclose the value of his business and vacate the decree for the sole purpose of establishing that value. The facts alleged by Mrs. Jensen were disputed by Mr. Jensen; no further testimony was taken by the court to resolve the controverted issues.

■ The affidavits raise an issue of fact which cannot be resolved without the taking of testimony. *See Wood v. Copeland Lumber Co.,* 41 Wn.2d 119, 247 P.2d 801 (1952); *Baer v. Lebeck,* 126 Wash. 576, 219 P. 22 (1923); *Whidby Land & Dev. Co. v. Nye,* 5 Wash. 301, 31 P. 752 (1892); *see also* CR 60(e)(2), which contemplates a show cause hearing. The court erred in vacating the judgment without first hearing and weighing testimony regarding fraud, misrepresentation or other misconduct.

It also is true that if, on remand, the court does find fraud, findings and conclusions with respect to each of the nine elements are required. *Howell v. Kraft,* 10 Wn. App. 266, 271, 517 P.2d 203 (1973). However, "misrepresentation or other misconduct" would also justify vacation of the judgment under CR 60(b)(4).

■ Finally, Mr. Jensen contends Mrs. Jensen is guilty of laches, for the motion to vacate must be made within a reasonable time. CR 60(b). He alleges she had the financial statement for at least 20 months before bringing the motion. Laches is composed of two elements: proof of lack of diligence and prejudice to the party asserting the defense. *Bull v. Fenich,* 34 Wn. App. 435, 438, 661 P.2d 1012 (1983); *LaVergne v. Boysen,* 82 Wn.2d 718, 513 P.2d 547 (1973). Mr. Jensen has failed to assert any prejudice he might sustain should the motion be granted, nor does the record disclose any prejudice.

■ The court addresses, sua sponte, the issue of

whether failure to disclose the true value of an asset disposed of in a dissolution proceeding constitutes the fraud necessary to vacate the decree. In *In re Marriage of Burkey,* 36 Wn. App. 487, 675 P.2d 619 (1984), our court reversed the vacation of a dissolution decree where the parties had valued the property pro se. The wife brought the action, arguing the husband had breached a fiduciary duty to make known to her the *value* of all the property before the court. The court stated at page 490:

> Instead of securing expert appraisals of their property, they proceeded to estimate its value themselves. This situation is unlike that in *Seals v. Seals,* 22 Wn. App. 652, 590 P.2d 1301 (1979), where the court held the husband had breached his fiduciary duty by failing to disclose to his wife the *existence* of certain property prior to dissolution. *The full disclosure mandated by the fiduciary relationship assumes that one party has information which the other needs to know to protect his interests.*

(Some italics ours.) *Accord, In re Marriage of Cohn,* 18 Wn. App. 502, 569 P.2d 79 (1977).

Based on the rule of full disclosure, if the evidence proves Mrs. Jensen had knowledge of the true value of the business, or at least sufficient notice to protect her interests prior to the entry of the final decree, it was incumbent upon her at that time to examine more closely that value before proceeding with the dissolution. If she voluntarily chose not to do so, she should not be allowed to return to court to do what should have been done prior to entry of the final decree. Recently, the court in *In re Marriage of Landry,* 103 Wn.2d 807, 809, 699 P.2d 214 (1985) spoke on the "finality" of judgments, stating:

> We once again repeat the rule that trial court decisions in a dissolution action will seldom be changed upon appeal. Such decisions are difficult at best. Appellate courts should not encourage appeals by tinkering with them. The emotional and financial interests affected by such decisions are best served by finality. The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court.

(Citations omitted.)

The order of the Superior Court to vacate is reversed; the cause is remanded for proceedings, including the taking of testimony, to determine the question of fraud as raised by the controverting affidavits.

GREEN, C.J., and MUNSON, J., concur.