# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>CAROLE HOFFMAN,<br><br>                Appellant,<br>  and<br><br>ALAN LOWELL HOFFMAN,<br><br>                Respondent. | No. 74207-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br>FILED: October 3, 2016 |

TRICKEY, A.C.J. — Carole LaRoche, formerly known as Carole Hoffman, moved to vacate her decree of dissolution. She claimed her former husband, Alan Lowell Hoffman, fraudulently misled her and the court about the status of a multimillion dollar trust that resulted in its exclusion from the trial court's division of property. Because LaRoche has failed to establish that the court entered the decree as a result of fraud, misrepresentation, or other misconduct, we affirm.

## FACTS

Carole LaRoche and Alan Hoffman married in 2000. Both parties had children from previous marriages and came to the relationship with the expectation of significant separate assets. At the time they were married, Hoffman was the beneficiary of several multimillion dollar family trusts, while LaRoche anticipated a $600,000 recovery from a pending lawsuit. The parties executed a prenuptial agreement that protected these monies as each's separate property.

The parties separated on March 20, 2009, and LaRoche filed for dissolution. After an acrimonious trial, the court upheld the prenuptial agreement and distributed the parties' separate and community property. Hoffman was awarded the parties' real property, which included the Redmond home and the Sun Valley home, stock, individual retirement accounts (IRAs), investment accounts, trust accounts, and 40 percent of the community portion of the retirement accounts. LaRoche received 50 percent of the value of the Redmond home, reimbursement for increase in value of the Woodinville Home sold during the marriage, compensation for her labor in preparing the Woodinville home for sale, 60 percent of retirement accounts, tax refund, and IRA accounts. On October 8, 2010, the trial court entered a decree of dissolution reflecting this allocation.

Of particular interest to both parties was the Smith Barney Investment Account titled, "'Dr. Alan Hoffman and Carole Mawson TTEE Hoffman Family Trust DTD 1/1/06' (acct. ending in #5177) with a 4/30/2010 balance of $7,879,940" (the 5177 Trust).[1] This trust account was awarded to Hoffman as his separate property, pursuant to the prenuptial agreement.

Both parties appealed the decree. Hoffman assigned error to the trial court's characterization and value of community property, while LaRoche challenged the validity of the prenuptial agreement as substantively and procedurally unfair. We concluded that there was no unfairness and affirmed the validity of the prenuptial agreement.

---

[1] Clerk's Papers (CP) at 214.

2

On August 7, 2015,[2] LaRoche moved to vacate the decree and reopen the property division portion of the dissolution. She submitted a declaration in support of her motion, accusing Hoffman and his attorneys of misleading her and the court as to his interest in the family trust. She declared that fraudulent evidence had been submitted at trial, including false financial declarations, certified public accountant (CPA) witness reports, a flowchart showing the tracing of accounts that omitted relevant portions, and testimony about the trust being for his children and not part of the property subject to distribution.

The basis of LaRoche's fraud claim is her contention that Hoffman represented that the 5177 Trust was not his property. At trial, Hoffman testified that he was under the impression that the trust was for his children and grandchildren. According to LaRoche, the trial court therefore did not include it in its distribution of property. She claims that Hoffman had actually appointed the trust to his own estate three years earlier and concealed that fact from her and from the trial court.

At the hearing on her motion to vacate, LaRoche argued that Hoffman's attorneys submitted two fraudulent financial declarations. According to her, the declarations did not list the correct amount of Hoffman's income or interest earned and that the real number is "quite a bit more, like many times more than what he

---

[2] Earlier in 2015, LaRoche filed a lawsuit in the Western District of Washington, cause No. 2:15-CV-01003-RAJ, against Hoffman, and the attorneys, expert and fact witnesses involved in the dissolution, the appeal, and a malpractice action she filed against one of her attorneys. In her amended complaint, she alleges claims for civil conspiracy, conversion, negligence, and fraud.

claimed."[3] She argued that Hoffman misrepresented the value of the trust and falsely claimed that everything belonged to his children, even though he had transferred it to his own estate. LaRoche claimed that the CPA witness reports were fraudulent, and that even if the accounts were Hoffman's separate property originally, they had been commingled. She also "discovered . . . last year" that Hoffman's counsel had submitted an incomplete exhibit designed to mislead both her and the court.[4]

The trial court found no basis to undo the judgment and findings, and that it "certainly d[id]n't see something by Dr. Hoffman, the respondent, or his attorney, Mr. Eagle, that was false, intended to mislead the court, intended to mislead you."[5] The trial court further found "no substantial facts warranting vacation of judgment under CR 60" and that "there was no fraud perpetuated by Dr. Hoffman or his representatives at time of trial."[6] LaRoche appeals.

## ANALYSIS

LaRoche argues that the trial court erred when it denied her motion to vacate the dissolution decree under CR 60(b)(4), because she presented evidence establishing that Hoffman committed fraud, misrepresentation, and misconduct when he characterized his assets to the trial court.[7] According to her, Hoffman deceived the court by testifying that the 5177 Trust was for his children, when he

---

[3] Report of Proceedings (RP) (Oct. 9, 2015) at 6.
[4] RP at 22.
[5] RP at 21.
[6] CP at 358.
[7] In her motion, LaRoche argued that Hoffman and his attorneys submitted fraudulent evidence of Hoffman's income and value of the assets. She appears to have abandoned those arguments on appeal.

had actually appointed the trust to his own estate three years earlier. She argues that she relied on and was misled by Hoffman's misrepresentation, which prevented her from presenting accurate proposed orders and arguing for a disposition that took the multimillion dollar trust into account. Based on this assumption, LaRoche also argues that the trial court should have determined that she and Hoffman held the 5177 Trust as tenants in common.

Whether to grant a CR 60 motion to vacate is within the trial court's sound discretion. Martin v. Pickering, 85 Wn.2d 241, 245, 533 P.2d 380 (1975); In re Marriage of Knutson, 114 Wn. App. 866, 871, 60 P.3d 681 (2003). A trial court manifestly abuses its discretion if its decision is based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Under CR 60(b)(4), a trial court may vacate a judgment procured by fraud, misrepresentation, or misconduct. "The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence." Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). The focus of CR 60(b)(4) is on judgments that were unfairly obtained, not those that may have been premised on incorrect facts. Peoples State Bank v. Hickey, 55 Wn. App. 367, 371-72, 777 P.2d 1056 (1989). For this reason, the conduct must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. Hickey, 55 Wn. App. at 372.

5

There is no indication in the record that the trial court entered the decree as a result of fraud, misrepresentation, or misconduct by one of LaRoche's adversaries. The trial court awarded Hoffman the 5177 Trust as his separate property based on the terms of the prenuptial agreement, not because he convinced the court that it was not part of his estate. Therefore, the record does not support vacating the judgment on the grounds that it was procured by fraud, misrepresentation, or other misconduct.

LaRoche next argues that under CR 60(e)(2), the trial court should have held an evidentiary hearing. She contends that the affidavits and declarations she submitted are sufficient to raise a factual issue with regard to fraud, misrepresentation, or other misconduct. CR 60(e)(2) states:

> Upon the filing of the motion and affidavit, the court shall enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

Oral testimony, however, is not the rule and is up to the trial court's discretion. In re Marriage of Irwin, 64 Wn. App. 38, 61, 822 P.2d 797 (1992).

LaRoche argues she raised an issue of fact that cannot be resolved without the taking of testimony, citing In re Marriage of Maddix, 41 Wn. App. 248, 252, 703 P.2d 1062 (1985). In that case, the parties submitted conflicting affidavits disputing the value of the husband's business but the trial court entered a final decree without further investigation. Maddix, 41 Wn. App. at 249. Later, the wife moved to vacate the dissolution decree, alleging fraud, misrepresentation, or other misconduct under CR 60(b)(4). Maddix, 41 Wn. App. at 249. The trial court made

6

no finding of fraud but found that the husband had failed to disclose the value of his business. Maddix, 41 Wn. App. at 249-50. On that basis it set aside the decree and set for trial the sole issue of the business's value. Maddix, 41 Wn. App. at 250. On appeal, we reversed and remanded, finding that the trial court erred by vacating the decree without first hearing and weighing testimony regarding fraud, misrepresentation, or other misconduct. Maddix, 41 Wn. App. at 252.

Here, LaRoche has not submitted sufficient facts to meet her burden of showing fraud, misrepresentation, or other misconduct. She claims that Hoffman misrepresented the status of the 5177 Trust and therefore prevented the trial court from including it in the distribution of property. Again, the record shows that the 5177 Trust was determined to be Hoffman's separate property under the prenuptial agreement, not based on any representation made at trial.

Hoffman requests that the court assign "financial penalties" to LaRoche, "at least equal to the $4500 in legal fees" that the trial court declined to award, presumably for filing a frivolous appeal and to deter her from further litigation.[8] Under RAP 18.9, an appellate court may order a party who files a frivolous appeal to pay terms or compensatory damages to any other party for having to defend against the appeal. "An appeal is frivolous if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

---

[8] Resp't's Br. at 10.

While the merit of LaRoche's appeal is certainly questionable, Hoffman's request does not fall within the scope of RAP 18.9. He essentially asks this court to compensate him for expenses he incurred at trial, not on appeal, and failed to recover from the trial court. We decline to award attorney fees under RAP 18.9.

Affirmed.

Trickey, ACJ

WE CONCUR:

Mann, J.

Leach, J.