IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of | ) No. 78184-7-I |
| | ) |
| DANNY J. PAYNE, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) UNPUBLISHED OPINION |
| COLLEEN M. PAYNE, | ) |
| n/k/a COLLEEN DAWSON, | ) FILED: August 5, 2019 |
| | ) |
| Appellant. | ) |

VERELLEN, J. — Colleen Dawson challenges three aspects of the dissolution decree ending her marriage to Danny Payne. She contests the court's reliance on the couple's date of separation rather than the date of dissolution to value Payne's Boeing VIP 401K retirement account. But Dawson fails to show the court erred by relying on the only valuation evidence before it.

She also disagrees with the court's classification of a predissolution financial withdrawal as coming from the marital estate rather than a prepayment of spousal maintenance. But she did not seek, and the parties did not agree to the withdrawal as temporary maintenance.

Finally, Dawson challenges the sufficiency of the evidence to support the finding that Payne paid her $1,500 per month "'during the pendency of this

dissolution action.'"[1] But Dawson has not provided an adequate record to challenge this finding of fact.

Therefore, we affirm.

## FACTS

Payne and Dawson married in February of 2006.[2] Payne petitioned for dissolution of their marriage in August of 2015.[3] At the time, Payne lived in Washington, and Dawson had relocated to Georgia.[4] The court granted Payne's dissolution petition in December of 2017.[5] The court awarded Dawson 50 percent of Payne's Boeing VIP 401K that accrued between February 26, 2006, when they married, and June 8, 2015, when they separated.[6] The court also classified a $17,000 predissolution cash withdrawal Dawson made from a shared bank account as community property.[7] The court issued an amended dissolution decree in February of 2018 after a motion for reconsideration.[8]

Dawson appeals.

---

[1] Appellant's Br. at 1 (quoting Clerk's Papers (CP) at 63).
[2] CP at 59.
[3] CP at 1.
[4] CP at 2, 16.
[5] CP at 50.
[6] CP at 115.
[7] CP at 60.
[8] CP at 112.

ANALYSIS

"A trial court in dissolution proceedings has broad discretion to make a just and equitable distribution of property based on the factors enumerated in RCW 26.09.080."[9] Property divisions made in dissolution proceedings may be reversed only where the court manifestly abused its discretion.[10] A court abuses its discretion where its decision is based on untenable grounds or reasons.[11] Generally, findings of fact are accepted if supported by substantial evidence.[12] But where, as here, the appellant declines to provide a verbatim report of proceedings to allow fair review of a court's factual determinations, we treat findings of fact as verities.[13]

First, Dawson contends the court improperly valued the Boeing VIP 401K account by using their separation date rather than their trial date to calculate the

[9] In re Marriage of Wright, 179 Wn. App. 257, 261, 319 P.3d 45 (2013). Under RCW 26.09.080, the trial court is to make a distribution of property that is just and equitable after consideration of all relevant factors, including but not limited to "(1) The nature and extent of the community property; (2) The nature and extent of the separate property; (3) The duration of the marriage . . . ; and (4) The economic circumstances of each spouse . . . at the time the division of property is to become effective."

[10] In re Marriage of Larson & Calhoun, 178 Wn. App. 133, 138, 313 P.3d 1228 (2013) (quoting In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005)).

[11] Wright, 179 Wn. App. at 261-62.

[12] Id. at 262.

[13] Morris v. Woodside, 101 Wn.2d 812, 815, 682 P.2d 905 (1984); In re Custody of A.F.J., 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011), aff'd, 179 Wn.2d 179, 314 P.3d 373 (2013).

account's value.[14] But the only evidence of the plan's value was balance statements from 2006 and 2015, provided by Payne.[15] The court declined Dawson's request on reconsideration to revalue the assets because

> there is insufficient evidence in the record to allow the court to determine the amount of [Payne's] separate contributions to the Boeing VIP account or [Dawson's] separate contributions to the Lowes 401K account, or the amount of appreciation or depreciation . . . between the date of separation and the date of trial.[16]

Dawson does not now contend that the court had sufficient evidence to make that valuation. A party who voluntarily chooses not to value an asset before entry of a dissolution decree may not "'return to court to do what should have been done prior to entry of the final decree.'"[17] The court reasonably relied on the only evidence before it to value the VIP plan.

Second, Dawson contends the court erred by classifying a $17,000 predissolution withdrawal she made from a community bank account as a property division rather than as temporary maintenance from separate property.[18] Dawson argues she was, effectively, "paying ½ of her temporary maintenance out of her share of community property."[19] We review property classifications de novo.[20]

---

[14] Appellant's Br. at 6.

[15] CP at 137-38.

[16] CP at 115.

[17] In re Marriage of Curtis, 106 Wn. App. 191, 197, 23 P.3d 13 (2001) (quoting In re Marriage of Maddix, 41 Wn. App. 248, 253, 703 P.2d 1062 (1985)).

[18] Appellant's Br. at 11.

[19] Id. at 12.

Dawson contends, without authority, the $17,000 was separate property because she used it for maintenance during the pendency of her dissolution.[21] But she concedes she took the money "from the family resources"[22] held in a "community bank account" before applying for maintenance.[23] And the court found Dawson and Payne had not agreed to treat the money as maintenance before she withdrew it without his consent.[24] The court observed "that she chose not to seek temporary maintenance payments, and instead used the $17,000 . . . for living expenses, does not change the nature of the removed funds [into] a de facto early distribution from the [marital] estate."[25] The court did not abuse its discretion by classifying the $17,000 as a predissolution distribution from community property.[26]

---

[20] In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002).

[21] Appellant's Br. at 12.

[22] CP at 16.

[23] Appellant's Br. at 3.

[24] CP at 126.

[25] CP at 126-27.

[26] See In re Marriage of Hadley, 88 Wn.2d 649, 658, 565 P.2d 790 (1977) ("[T]he use of the terms alimony, maintenance payment, or property award does not necessarily require that the award be so treated. There is no magic in the use of these terms. Our concern is with the fairness of the award as determined by those factors set out in RCW 26.09.080 (property) and RCW 26.09.090 (maintenance).") (citation omitted). Dawson claims this classification penalizes her "simply because [she] did not incur the expense of applying formally for a court-ordered award" and penalizes her for "avoiding litigation and for finding creative solutions to problems outside of the court." Appellant's Br. at 13-14. By this logic, courts should reward parties to dissolution proceedings who unilaterally deplete the marital estate for their own convenience. We disagree.

Finally, Dawson argues a particular finding lacked substantial evidence.[27] When weighing the factors for spousal maintenance, the court found Payne had "been paying $1,500.00 per month to [Dawson] during the pendency of this dissolution action."[28] But Dawson waived this line of argument by declining to provide a full record for our review.[29]

Therefore, we affirm.

WE CONCUR:

---

[27] Appellant's Br. at 1.

[28] CP at 63.

[29] Morris, 101 Wn.2d at 815.