[No. 18291-9-I.  Division One.  April 8, 1987.]

*In the Matter of the Marriage of* STANLEY E. SHAW, *Appellant, and* NICOLE S. SHAW, *Respondent.*

*Dan Evich,* for appellant.

*Margo T. Keller,* for respondent.

WILLIAMS, J.—This case involves application of the Uniform Child Custody Jurisdiction Act, RCW 26.27. The trial court decided that transferring jurisdiction of this case to the State of New York would be in the best interest of the child. We affirm.

The facts are that the parents, Stanley and Nicole Shaw, were married in March 1985 in Syracuse, New York, where Nicole had been a lifelong resident. They went to New Hampshire, where Stanley had been employed for about 2 months, and continued living there until November, when Stanley was laid off. The couple and their baby, born in September of that year, then went to Syracuse to visit or live with Nicole's mother. In January 1986, Stanley come to Renton, where his family lived, and at his urging Nicole followed with the baby shortly thereafter.

On February 27, 1986, Stanley petitioned for dissolution of the marriage, obtained a temporary order restraining Nicole from taking the child from the county and gained physical custody of the child by pretext. On March 5, 1986, Nicole moved out of the house of Stanley's grandparents, where Stanley, Nicole and the child had been living. Nicole applied to the trial court for an order requiring Stanley to return the child to her and authorizing her to return with the child to New York. On March 17, 1986, the trial court granted the relief requested, and Nicole returned to New York with the child.

RCW 26.27.070 provides:

> Inconvenient forum. (1) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
>
> (2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
>
> (3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
>
> (a) If another state is or recently was the child's home state;
>
> (b) If another state has a closer connection with the

child and his family or with the child and one or more of the contestants;

(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(d) If the parties have agreed on another forum which is no less appropriate; and

(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in RCW 26.27.010.

■ In ruling as it did, the trial court acted consistently with this statute. Neither the mother nor the child had any contact with the State of Washington, save as previously related. Nicole was a lifelong resident of Syracuse, New York, and her family there is ready, willing and able to support her and the child. The court was justified in believing Nicole's statement that the only reason she came to Washington was because of Stanley's representations that he would get a job, find them a place to live and resolve their marital problems, all of which proved to be false. The only contact Nicole had with the State of Washington was residing with Stanley's grandparents for 2½ weeks and being served with a petition in the dissolution action.

Under these circumstances, a court of the State of New York is a more appropriate forum to determine the needs of the child as well as the child's mother. This is so clear that attorney fees of $4,322.50 on appeal are awarded to Nicole pursuant to RCW 26.27.070(7).

Affirmed.

WEBSTER, J., concurs.

SCHOLFIELD, C.J. (concurring in part, dissenting in part)—I concur in the ultimate result of the majority opinion only to the extent of permitting the State of New York to maintain jurisdiction of the child custody issues in this case. I dissent from that portion of the majority opinion which approves declination of jurisdiction over the remain-

ing issues and awards substantial attorney's fees to Nicole Shaw.

Stanley Shaw filed a petition in King County for dissolution of marriage on February 27, 1986. At that time, he, his wife, Nicole, and their child, Cory, were all residing in King County, Washington. The Washington court had jurisdiction under RCW 26.09.010(2). There is no challenge in this case to Stanley's assertion of residence in King County. *In re Marriage of Strohmaier,* 34 Wn. App. 14, 659 P.2d 534 (1983).

On March 11, 1986, a King County court commissioner heard Stanley's petition for temporary custody and Nicole's motions for temporary custody and for a decline of jurisdiction and permission to travel with the child to New York. The commissioner granted temporary custody to Nicole and further ordered:

> Nicole Shaw may return to New York with Cory Shaw forthwith,
> . . . Nicole Shaw has 30 days to file a Dissolution & Motion for Temporary Custody in New York; or this court will exercise jurisdiction.

Stanley moved for revision and the commissioner's order was affirmed. A stay preventing Nicole from leaving for New York until the petition for revision could be heard was lifted. The declination of jurisdiction was argued to the court commissioner on two grounds. One was that Stanley was guilty of reprehensible conduct in concealing the child from its mother in an apparent effort to prevent her from taking the child with her to New York. The other ground was that New York was the preferred forum for hearing and deciding the issues involving child custody.

The "reprehensible conduct" argument was based on RCW 26.27.080(1), which provides:

> If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction *for purposes of adjudication of custody* if this is just and proper under the circumstances.

(Italics mine.)

The forum non conveniens argument is based upon RCW 26.27.070, which provides in part:

(1) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make *a custody determination* under the circumstances of the case and that a court of another state is a more appropriate forum.

(Italics mine.)

Both of these provisions are sections of the Uniform Child Custody Jurisdiction Act, RCW 26.27, adopted by the State of Washington in 1979. The application of both sections is limited to *child custody* issues. The general purposes of the UCCJA are to avoid jurisdictional competition and conflict with courts of sister states in *child custody* matters. The various sections of the act are directed toward resolving the difficult and litigation–generating conflicts which arise when two different states assert jurisdiction in the same child custody case. That the purpose of the act is to avoid jurisdictional conflicts is made abundantly clear from the commissioner's notes to the various sections found in 9 U.L.A. (1979).

If the King County court commissioner's decision was based upon the notion that New York was a more appropriate forum for this case than the state of Washington, neither the order entered by the court commissioner nor the order affirming the court commissioner's decision make any findings or reference of any kind to the inconvenient forum issue. RCW 26.27.070 provides extensive guidelines for the resolution of an inconvenient forum issue when it is raised. There being no reference whatever to the requirements of RCW 26.27.070, the conclusion is inescapable that the record does not support declination of jurisdiction on that ground.

From the record, it appears more likely the court concluded that Stanley had engaged in "reprehensible con-

duct" in concealing the child from its mother. The concealment of the child occurred within the confines of King County by movement of the child from one address to another without advising the mother of the child's whereabouts. Stanley asserted in an affidavit that this was done to prevent the mother from taking the child with her to New York. His fear in this respect arose from expressions by Nicole indicating an intention to do so. While Stanley's conduct should not be condoned, it does not appear to have anything to do with the issue of jurisdiction. It amounted to nothing more than claimed misconduct, which the Washington court could and did deal with quite effectively in ordering him to promptly return the child to its mother.

It is very doubtful that the UCCJA had any application to this case at the time it was before the King County Superior Court in March 1986. Washington clearly had jurisdiction over the case, all parties being in King County, Washington. In the absence of a New York filing, there was no New York jurisdiction. In any event, it is clear that New York was not asserting jurisdiction. There was no conflict between sister states requiring resolution by the UCCJA. It was, therefore, error for the King County Superior Court to decline jurisdiction.

The superior court judgment was not superseded. The record and the briefs before us indicate that Nicole did return with the child to New York and that New York accepted jurisdiction. Presumably, Nicole and the child have now been in New York for approximately 1 year. This is the longest period of time that the child has remained in one location. This circumstance gives New York the advantage as a convenient forum for resolving child custody issues only. For that reason, I concur in the result of allowing New York to retain jurisdiction of the child custody issues.

There is no basis, however, for declining jurisdiction of the remaining issues. The UCCJA sections relied upon expressly apply only to child custody issues. It was error for the superior court to decline jurisdiction over the entire

case.

The majority opinion awards attorney's fees to Nicole pursuant to RCW 26.27.070(7) on the ground that Washington was clearly an inappropriate forum for this case. I dissent from that holding on the ground that at the time this matter was heard by the King County Superior Court, Washington was clearly the appropriate forum to hear and determine all issues in the case, including the child custody issues. At the very least, it can be said that the husband should not be punished for filing the petition in the State of Washington because there was no other jurisdiction in which he could file it. Accordingly, the award of attorney's fees to Nicole on the ground stated is not justified.

I concur in leaving the jurisdiction of the child custody issues in the State of New York, but respectfully dissent from the remainder of the majority opinion.

Reconsideration denied July 29 and August 18, 1987.