[No. 30723.   Department Two.   April 11, 1949.]

*In the Matter of the Estate of* ERNEST C. LASSIN, *Deceased.*[1]

*Ralph Purvis,* for appellants.

*Marion Garland* and *Helen Graham,* for respondent.

ROBINSON, J.—Ernest C. Lassin died in Adak, Alaska, on October 29, 1946.   This proceeding involves an attack

[1]Reported in 204 P. (2d) 1071.

upon the appointment of the administrator of his estate, in a probate initiated in Kitsap county by Ruth Lassin, as his surviving spouse, the attack being made by his three brothers residing in Wisconsin. The lower court denied the motion of the brothers to revoke the letters of administration, and it is from this order that they have taken this appeal.

In 1944, Mr. and Mrs. Lassin came from Wisconsin to Bremerton to live. Lassin secured employment in the Bremerton navy yard, and remained there until July, 1946, when he was transferred to Alaska. Prior to this transfer, he was given a thirty-day leave. He and his wife withdrew their cash and postal savings from their bank in Bremerton and drove in their automobile to Green Bay, Wisconsin. The cash and postal savings were deposited in a bank there. Mrs. Lassin remained with her family in Green Bay, while Lassin returned to Bremerton and went from there to Alaska.

Mrs. Lassin did not return to Bremerton until February, 1947, subsequent to Lassin's death. On July 1, 1947, she signed a petition for the appointment of R. A. Noyes as administrator of his estate. In this petition, she described Lassin as a resident of Green Bay, Wisconsin. However, on October 20th, she filed a "Motion and Affidavit for Correction of Petition for Letters of Administration," alleging that she had been in error in stating that her husband's residence was Green Bay, and that, in fact, it was Bremerton. The court directed that the petition be amended to so state.

While in Alaska and prior to his death, Lassin had been granted a final decree of divorce by the Kitsap county superior court, but, in December, in an action brought by Mrs. Lassin against R. A. Noyes as administrator, this decree was vacated by the court which had granted it, by reason of Lassin's fraud in obtaining it. Subsequently, the three brothers introduced their motion, alleging that, at the time of his death, decedent was a resident of Green Bay, Wisconsin, and that he left no property whatsoever in Kitsap county or in the state of Washington; challenging the juris-

diction of the Kitsap county court; and praying that the letters of administration which had been issued to R. A. Noyes be revoked and canceled.

The applicable provisions of the Washington probate code are located in Rem. Rev. Stat., § 1376 [P.P.C. § 217-1], and read as follows:

"Wills shall be proved and letters testamentary or of administration shall be granted:

"(1) In the county of which deceased was a resident or had his place of abode at the time of his death.

"(2) In the county in which he may have died, or in which any part of his estate may be, he not being a resident of the state.

"(3) In the county in which any part of his estate may be, he having died out of the state, and not having been a resident thereof at the time of his death."

As it is admitted that decedent died in Alaska and that he left no property in the state of Washington, the only question involved in this case is, as respondent has stated it: Was Ernest C. Lassin a resident of Kitsap county, Washington, at the time of his death? If the answer be in the affirmative, the lower court was correct in dismissing the brothers' motion.

It is well established that the word "residence," as used in the above-quoted statute, should be construed to mean "domicile." *Buchholz v. Buchholz*, 63 Wash. 213, 115 Pac. 88, Ann. Cas. 1912D, 395; *State ex rel. Brisbin v. Frater*, 1 Wn. (2d) 13, 95 P. (2d) 27, and cases there cited. Every person has a domicile, and, in general, no person can have more than one domicile. *Williamson v. Osenton*, 232 U. S. 619, 58 L. Ed. 758, 34 S. Ct. 442; *Hite's Adm'r v. Hite's Ex'r*, 265 Ky. 786, 97 S. W. (2d) 811; Restatement, Conflict of Laws, p. 23, § 11. A domicile once established continues until it is superseded by a new domicile. *Polk v. Polk*, 158 Wash. 242, 290 Pac. 861; *Kankelborg v. Kankelborg*, 199 Wash. 259, 90 P. (2d) 1018; *In re Eaton's Will*, 186 Wis. 124, 202 N. W. 309; Restatement, Conflict of Laws, p. 47, § 23. Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential

elements of domicile, *Texas v. Florida,* 306 U. S. 398, 83 L. Ed. 817, 59 S. Ct. 563, 830, 121 A. L. R. 1179; and in every case of change of domicile, these two things are indispensable and must be shown. *Sun Printing & Publishing Ass'n v. Edwards,* 194 U. S. 377, 48 L. Ed. 1027, 24 S. Ct. 696; *Estate of Grant,* 34 Hawaii 559; *In re Mullins,* 26 Wn. (2d) 419, 174 P. (2d) 790.

In the present case, there seems to be no contention that Mr. and Mrs. Lassin did not intend to establish a residence, or domicile, in Bremerton when they moved there in 1944. Mrs. Lassin was allowed, without objection, to testify as follows:

"Q. Mrs. Lassin, you lived in the State of Washington, how long? A. Since July of 1944. Q. Since July, 1944? A. That is right. Q. And your husband lived here all that time? A. That is right. Q. You established your residence, here? A. Yes."

Further, appellants seem to take for granted that the Lassins had established their domicile in Bremerton when, in their brief, they state one of the questions involved in the case to be as follows:

"1. Upon a petition to revoke letters of administration for lack of jurisdiction, *where the decedent was a resident of Bremerton, Washington,* and left there to take employment in Alaska, in which place he subsequently died, leaving no property in the State of Washington, was there sufficient proof of *change of residence* to warrant the granting of the petition to revoke letters of administration?" (Italics ours.)

If Lassin had established a residence, or domicile, in Bremerton in 1944, then, in order to have terminated it, he must have acquired a new residence, or domicile, elsewhere. It is here that the fatal defect in appellants' case appears, a defect that they have apparently recognized, since, in their motion, they contend that Lassin's residence at the time of his death was Green Bay, and, in their brief, they appear to argue that it was Alaska. The evidence, however, does not support the conclusion that it was Lassin's purpose to make either place his home. As for Green Bay, the testimony indicates that he went there on a thirty-day

leave, for the purpose of a visit, and to leave his wife with her family during his stay in Alaska. He did not rent a home or buy any property there. It was shown that he transferred his savings to the bank in Green Bay; but, as the trial judge observed, this might well have been for the benefit of his wife, who was to remain there, separated from him, for a considerable period of time.

At the most, the evidence suggests a possible intent to make Green Bay his home when he returned from Alaska, and, as the Restatement observes:

"For the acquisition of a domicil of choice the intention to make a home must be an intention to make a home at the moment, not to make a home in the future." Restatement, Conflict of Laws, p. 39, § 20.

However, even the idea that he intended to make Green Bay his home upon his return, is negatived by the testimony of Mrs. Lassin, who had this to say on the matter:

"Q. And when you left here, Mrs. Lassin, in June, 1946, what was your intention as to where you were going to live? A. Well, he wanted me to go back and stay at my folks until he returned from Alaska and we decided whether we was going to make our home in Alaska or California, but it was to be somewhere on the coast."

It is true that Mrs. Lassin, in her original petition in the probate proceeding, stated that her husband was a resident of Green Bay. However, before there had been any appearance by the brothers or their counsel, she filed her affidavit seeking correction of the statement, which, as hereinbefore noted, was granted by the court. In her affidavit, she stated that, not being schooled in legal matters, at the time she prepared her petition she had not fully apprised her attorney of the facts regarding the residence of her deceased husband. In view of this, and in view of the lower court's action in allowing amendment of the petition, we cannot regard her original opinion as to the legal residence of her husband as binding, either upon her or upon this court. The facts, as disclosed by her affidavit, and by the testimony given in this case, clearly show that that opinion was in error.

■ On the other hand, there is nothing to show that Lassin ever intended to establish a domicile in Alaska. The sworn statement of Mrs. Lassin, in her affidavit, nowhere denied or controverted in the record, reads as follows:

" . . . That in May, 1946, decedent, Ernest Carl Lassin, had been notified by the Puget Sound Naval Shipyard of a *Reduction in Force*, and that he would either be laid off or must transfer to Alaska, to be employed as a civilian employee of the Navy there. That said decedent thereupon obtained a thirty day leave. That the term of decedent's employment in Alaska was to be eighteen months. . . ."

Such circumstances do not indicate that Lassin had a present intention of establishing a home in Alaska when he went there. In the early case of *Penman v. Wayne*, 1 U. S. (Dallas) 348, 1 L. Ed. 169, it was held that where a resident of Pennsylvania remained more than fifteen months in Georgia, while engaged on particular business, he did not thereby become a resident of Georgia, in the absence of intent to live there permanently. Though Mrs. Lassin's testimony, quoted *supra*, indicates that Lassin might have decided to stay in Alaska, it also shows that he might just as well have decided to go to California or somewhere else "on the coast." No evidence was presented to contradict or modify this opinion in any way.

■ The burden of proving a change of domicile rests upon him who asserts it. *In re Pugh's Estate*, 18 Wn. (2d) 501, 139 P. (2d) 698; *In re Mullins*, 26 Wn. (2d) 419, 174 P. (2d) 790; *In re Bassett*, 189 Fed. 410.

■ We think appellants have not sustained this burden, and are inclined to agree with the trial court, which observed, in its oral opinion:

"The evidence didn't establish that he expected to remain in Alaska. Was it their intention, then, to search for a residence? It might be said that they abandoned residence in this state,—and if they did, they didn't establish residence elsewhere. And not having established their residence elsewhere, it must have remained here."

Our decision on this point renders it unnecessary to consider other issues raised by respondent.

The motion was properly denied, and, therefore, the judgment appealed from must be affirmed. It is so ordered.

SIMPSON, MALLERY, and SCHWELLENBACH, JJ., concur.