[No. 4980-9-III. Division Three. January 20, 1983.]

*In the Matter of the Marriage of* SHERYL STROHMAIER, *Respondent, and* KENT STROHMAIER, *Petitioner.*

*Jerry Kagele,* for petitioner.

*Victor J. Felice* and *Felice & Clayton,* for respondent.

McINTURFF, J.—This discretionary review stems from the Superior Court's denial of Mr. Strohmaier's motion for change of venue in an action for dissolution. The primary issue is the location of Mrs. Strohmaier's domicile.

The pleadings and affidavits establish the following: On December 28, 1981, Mrs. Strohmaier filed a petition for

dissolution of her 2–month–old marriage in Spokane County Superior Court. In that petition she alleged she and respondent resided in Ritzville and Lind, Washington, respectively. We take judicial notice that both cities are located in Adams County. The petition was verified by her pursuant to CR 11, which reads in part:

> The signature of a party or of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.

On January 8, 1982, Mr. Strohmaier moved the court for a change of venue. He based his motion on RCW 26.09.010 which provides:

> (1) Except as otherwise specifically provided herein, the practice in civil action shall govern all proceedings under this chapter . . .
>
> (2) A proceeding for dissolution of marriage . . . may be filed in the superior court of the county where the petitioner resides.

The affidavit of Mr. Strohmaier's attorney is attached to the motion and states:

> Petitioner, SHERYL STROHMAIER, is a resident of Ritzville, Adams County, Washington and does not live, reside, work, or have any other type of connection with Spokane County.

In opposition to the motion for change of venue, Mrs. Strohmaier attested:

> [A]t the time of the commencement of my Petition for Dissolution of Marriage in Spokane County, State of Washington, I was residing in Spokane County.
>
> . . . I lived at East 8016 Upriver Drive, Spokane, Washington, with my parents. . . .
>
> My two children by a previous marriage . . . are attending school in Ritzville, Washington. At the present time, we have only a temporary address at Ritzville, Washington, so that I will not disturb the schooling until the end of the school term. Then the children will take up permanent residence with me in Spokane, Washington.

My intention has been and is at the present time to make my home in Spokane, Washington, and my stay in Ritzville is only for the convenience of my children . . .

On the affidavits before it, the trial court entered an order denying the change of venue motion.

Mr. Strohmaier moved for reconsideration. This time, he submitted several additional affidavits. The manager of the American Legion Club in Ritzville stated Mrs. Strohmaier was currently working part time in the club. Her landlord attested to the fact she had leased a residence in Ritzville on December 23, 1981, and paid rent for the last week of December and all of January 1982. The superintendent of the Ritzville School District stated Mrs. Strohmaier's children were enrolled in Ritzville schools; that nonresident parents must petition the school board for permission for their children to attend; and that no such petition had been received from Mrs. Strohmaier.

Mr. Strohmaier also submitted his own affidavit. He explained that his earlier failure to do so was the result of a hospitalization which rendered him incapable of assisting his attorney. In his affidavit, he stated Adams County was the couple's place of residence during their short marriage and Mrs. Strohmaier had been a longtime resident of Adams County prior to the marriage.

On the same day Mr. Strohmaier filed the motion for reconsideration, Mrs. Strohmaier filed an amended petition for dissolution of marriage, this time alleging her residence as Spokane County.

At the second hearing, the trial court adhered to its original decision.

■ First, we note that the term "residence", as it was used in the predecessor statute to RCW 26.09, was interpreted to mean domicile. *See Stevens v. Stevens,* 4 Wn. App. 79, 82, 480 P.2d 238 (1971) (construing RCW 26.08-.030). That statute provided:

Any person who has been a resident of the state for one year may file his or her complaint for a divorce under oath, in the superior court of the county where he or she

may reside.

Since the quoted language is very similar to the provisions of the present statute, RCW 26.09.010, *supra*, we extend the *Stevens* interpretation of "residence" to the new statute.

The indispensable elements of domicile are residence in fact coupled with the intent to make a place of residence one's home. *In re Estate of Lassin*, 33 Wn.2d 163, 165–66, 204 P.2d 1071 (1949). "'[T]he intention to make a home must be an intention to make a home at the moment, not to make a home in the future.'" *In re Estate of Lassin*, *supra* at 167 (quoting from Restatement of Conflict of Laws § 20, at 39 (1934)). Once acquired, domicile is presumed to continue until changed. *Stevens*, at 82. The burden of proving a change in domicile rests upon the one who asserts it, and must be shown by substantial evidence. *In re Estate of Lassin*, *supra* at 168; *Stevens*, at 82.

Intent regarding domicile is generally determined by objective events, not the party's subjective state of mind. *Stevens*, at 82. A proper subject of inquiry is whether the facts support the self–serving declaration of intent in such a way that the intent can be said to be genuine. *In re Mullins*, 26 Wn.2d 419, 445, 174 P.2d 790 (1946). In determining the sufficiency of the proof, the good faith of the party asserting the change in domicile should be considered, particularly in regard to his declarations of intent. *Sasse v. Sasse*, 41 Wn.2d 363, 366, 249 P.2d 380 (1952).

Here, the objective facts do not support Mrs. Strohmaier's claim of intent to establish Spokane as a permanent home as of December 1981. Her original petition alleged her residence as Adams County; she changed this allegation only after Mr. Strohmaier had brought his motion for change of venue.[1] Mrs. Strohmaier had rented her house in

---

[1]At the January 26 hearing, the trial court stated the original allegation of residence had been a mistake of her attorney, but that is the only explanation in the record for the change. At the time of oral argument before this court on January 11, 1983, petitioner was still living in Ritzville and her children were attending Ritzville schools.

Ritzville and paid for 1½ months advance rent just prior to her alleged move to Spokane. The fact that she was in Spokane for only a few days and filed her petition for dissolution at that time suggests her purpose there was to initiate this action, not to establish domicile.

Other than the conflicting representations made in the court documents, the record reflects no expressions of intent made by Mrs. Strohmaier to immediately change her domicile to Spokane. According to the affidavit of the school superintendent, she was to notify the school board of any change of residence outside Adams County, but never did so. The strong impression left after examining the entire record is that Mrs. Strohmaier did indeed have a *future* intent to change her domicile to Spokane once the school term ended and her children could move with minimum disruption to their education. However, as stated above, the law requires a *present* intent.

■ Since Mrs. Strohmaier did not produce sufficient evidence to establish a change in her domicile, does Mr. Strohmaier have an absolute right to have the action transferred to Adams County where he resides? In *Schroeder v. Schroeder*, 74 Wn.2d 853, 855–56, 447 P.2d 604 (1968), decided under the prior divorce law, the court held that where the wife had not exercised her option to file in the county of her residence, the husband had an absolute right to have the venue changed to the county of his residence. The court relied on the provisions of RCW 4.12.027:

> If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county.

The wording of the predecessor statute is substantially the same as RCW 26.09.010(2), *supra,* and therefore the rationale of *Schroeder* applies. Mr. Strohmaier has an absolute right to have venue moved to Adams County.

The order of the Superior Court denying Mr. Strohmaier's motion for change of venue is reversed.

ROE, C.J., and MUNSON, J., concur.