248 P.3d 532 (2010)
159 Wash.App. 162
In the Matter of the MARRIAGE OF Douglas Kenneth ROBINSON, Respondent, and
Juraluck Robinson, Appellant.
No. 27143-9-III.
Court of Appeals of Washington, Division 3.
December 28, 2010.
As Amended on Reconsideration February 17, 2011.
Tami Michele Chavez, Chavez Law Office PS, Spokane, WA, for Appellant.
Donald J. Richter, Richter Law Office PS, Spokane, WA, for Respondent.
KULIK, C.J.
¶ 1 Subject matter jurisdiction in dissolution proceedings exists if one of the parties is a resident of Washington during the proceedings. Residence is domicile in fact and intent to reside presently in Washington.
¶ 2 Here, by their own statements, neither Douglas nor Juraluck Robinson resided, or intended to reside, in Washington at the filing or during the pendency of the dissolution. Therefore, the trial court lacked subject *533 matter jurisdiction. We reverse the denial of the motion to vacate the dissolution and vacate the dissolution decree.

FACTS
¶ 3 Douglas and Juraluck Robinson married on September 27, 1998, in Everett, Washington. When the couple married, Ms. Robinson left her life in Thailand and moved to the United States with her one-year-old son, Liew. Mr. Robinson, Ms. Robinson, and Liew moved to Connecticut in July 2004. Ms. Robinson testified that they sold their house before they moved. The couple purchased a home in Connecticut and enrolled Liew in school.
¶ 4 On January 31, 2005, Mr. Robinson filed a petition for dissolution in Lincoln County, Washington, listing Mr. Robinson's address as "3222 100th St. SE, Everett, WA 98208." Clerk's Papers (CP) at 4. Ms. Robinson's address was listed as "640 Flanders Rd., Southington, CT 06450." CP at 4. Ms. Robinson went to Thailand in March, returning to Connecticut at the end of the month. Ms. Robinson stated that Mr. Robinson locked her out of their Connecticut home. In April, Ms. Robinson drove to Washington to stay with friends. Ms. Robinson stayed with friends until August, when she and her son went to Thailand. Ms. Robinson and her son returned briefly to Washington, staying in a hotel, and then drove back to Connecticut in time for the start of school.
¶ 5 In June, Ms. Robinson filed divorce proceedings in Connecticut and incurred attorney fees of $3,000. Ms. Robinson testified that she was unaware of the proceedings in Washington because her signature on the joinder to the petition had been forged and she had never been served with the petition. On July 5, 2005, the trial court in Washington signed and entered findings of fact and conclusions of law, and a decree of dissolution. Ms. Robinson also states that in July, Mr. Robinson filed a motion to dismiss in Connecticut based on the decree entered in Washington.
¶ 6 Ms. Robinson remained in Connecticut during September and October. In November, Ms. Robinson drove back to her friends' home in Washington. Ms. Robinson has been in Washington ever since.
¶ 7 In November 2005, Ms. Robinson filed a motion to vacate the decree of dissolution in Lincoln County. Ms. Robinson alleged that her signature on a separation/divorce agreement was coerced and that her signature was forged on the joinder, agreed findings of fact and conclusions of law, and the agreed dissolution. She also filed a motion to change venue.
¶ 8 In response to Ms. Robinson's motions, Mr. Robinson filed his declaration of November 17, 2005, stating that: "I do not feel that the venue should be changed to Snohomish County as neither one of us were a resident of Washington State at the time the petition was filed, and [it] can be argued that Julie living temporarily at a [friend's] house has not established residency." CP at 23. Mr. Robinson also stated that, "We moved to Connecticut," and "[a]t no time during the proceedings were we permanent residents of Washington State." CP at 23-24. Mr. Robinson also made the statement that: "We lived in Connecticut the entire time of the petition and 90 day waiting period and did not move from Washington to Connecticut." CP at 24.
¶ 9 In her declaration, Ms. Robinson stated that: "Although at the time of filing of these documents, we were living in Connecticut, because I knew our marriage was over, it [has] always been my intention to return to Washington." CP at 37.
¶ 10 The issue of whether the trial court had subject matter jurisdiction was considered during the hearing on the motion to vacate. The court denied Ms. Robinson's motion to vacate. In its findings and conclusions, the court determined that Ms. Robinson failed to show sufficient proof that jurisdiction was improper. The court also found that Ms. Robinson failed to provide sufficient evidence to prove the nine elements of fraud.
¶ 11 On appeal, Ms. Robinson contends the decree should be vacated because (1) the court lacked subject matter jurisdiction, (2) Mr. Robinson obtained her signature on the couple's separation agreement through fraud and forged her signature on the other documents *534 filed in the dissolution action, (3) the distribution of assets was so grossly disproportionate as to be unfair, and (4) Mr. Robinson did not fully disclose the couple's property. Ms. Robinson also requests an award of fees on appeal.

ANALYSIS
¶ 12 Subject matter jurisdiction is the authority of the court to hear and determine the type of action before it. In re Adoption of Buehl, 87 Wash.2d 649, 655, 555 P.2d 1334 (1976). Although a court may ultimately decide that it lacks subject matter jurisdiction, a court always has the jurisdiction to determine whether subject matter jurisdiction is proper. In re Marriage of Kastanas, 78 Wash.App. 193, 201, 896 P.2d 726 (1995). A trial court's decision as to subject matter jurisdiction is a question of law that is reviewed de novo. Conom v. Snohomish County, 155 Wash.2d 154, 157, 118 P.3d 344 (2005).
¶ 13 A dissolution action is a statutory proceeding. A court has no jurisdiction except that which is conferred by the applicable statutes. Palmer v. Palmer, 42 Wash.2d 715, 716-17, 258 P.2d 475 (1953). RCW 26.09.030 determines subject matter jurisdiction[1] in dissolution cases and provides that a party may file a petition to dissolve a marriage if he or she "(1) is a resident of this state, or (2) is a member of the armed forces and is stationed in this state, or (3) is married [] to a party who is a resident of this state or who is a member of the armed forces and is stationed in this state." Jurisdiction to grant a divorce may be acquired after the action is commenced and need only exist by the time the decree is entered. In re Marriage of Ways, 85 Wash.2d 693, 700, 538 P.2d 1225 (1975). A judgment entered without subject matter jurisdiction is void. In re Marriage of Ortiz, 108 Wash.2d 643, 649, 740 P.2d 843 (1987).
¶ 14 Applying RCW 26.09.030, subject matter jurisdiction exists if either Mr. Robinson or Ms. Robinson was a resident of Washington during the pendency of the proceeding.
¶ 15 "Residence" in this context means "domicile." In re Marriage of Strohmaier, 34 Wash.App. 14, 16, 659 P.2d 534 (1983). "The indispensable elements of domicile are residence in fact coupled with the intent to make a place of residence one's home." Id. at 17, 659 P.2d 534. Simply stated, domicile has two aspects: physical presence and intent to reside. Id.; Stevens v. Stevens, 4 Wash.App. 79, 82, 480 P.2d 238 (1971). The intent to make a home must be an intent to make a home at the moment, not an intent to make a home in the future. Strohmaier, 34 Wash.App. at 17, 659 P.2d 534 (quoting In re Estate of Lassin, 33 Wash.2d 163, 167, 204 P.2d 1071 (1949)). "Once acquired, domicile is presumed to continue until changed." Id. The burden of proving a change in domicile rests upon the one who asserts it, and the change in domicile must be shown by substantial evidence. Id.
¶ 16 Importantly, a decree of dissolution "`is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact.'" Mapes v. Mapes, 24 Wash.2d 743, 753, 167 P.2d 405 (1946) (quoting Williams v. North Carolina, 325 U.S. 226, 232, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945)). Hence, we conduct a de novo review of the facts.
¶ 17 Proof of residence is essential to domicile. Id. at 748, 167 P.2d 405. Intent as to domicile may be shown by the testimony of the parties and by surrounding circumstances. Strohmaier, 34 Wash.App. at 17, 659 P.2d 534. "A proper subject of inquiry is whether the facts support the self-serving declaration of intent in such a way that the intent can be said to be genuine." Id. The good faith of the party asserting the change in domicile should be considered, particularly *535 in regard to the party's declaration of intent. Id.
¶ 18 We must assume that Mr. and Ms. Robinson were residents of Washington before they moved to Connecticut. Accordingly, it is Ms. Robinson who carries the burden of showing that she or Mr. Robinson changed their residency to Connecticut. The facts reveal that the parties sold their home in Washington, moved to Connecticut, and placed Liew in school. Mr. Robinson does not argue that he continued to reside in Washington, that he had a home in Washington, or that he intended to make Washington his home. Mr. Robinson admitted in his declaration that both he and Ms. Robinson moved to Connecticut in July 2004 and that both of them were not permanent residents of Washington.
¶ 19 While this statement is not a legal conclusion, this statement can be taken as genuine because it is not self-serving. Moreover, Mr. Robinson's statement that he and Ms. Robinson moved to Connecticut and were not residents of Washington was clearly against his interests with reference to the issue of jurisdiction. In short, considering the objective evidence, and Mr. Robinson's statements, Mr. Robinson changed his residence when he moved to Connecticut and did not reestablish residence in Washington.
¶ 20 Instead of arguing that he resided in Washington, had a home in Washington, or had an intention to make Washington his home, Mr. Robinson makes several technical arguments to support the trial court's decision to accept jurisdiction in this case. These arguments fail.
¶ 21 First, Mr. Robinson points out that the court found in its oral ruling that Ms. Robinson did not submit any allegations that Mr. Robinson had changed his residence. But the court's oral ruling is not incorporated into the written findings. Moreover, the question of jurisdiction may be raised at any time during the proceeding and this court conducts a de novo review of jurisdictional facts.
¶ 22 Mr. Robinson also refers to the petition, which lists a Washington address for him, and the findings, which state that Mr. Robinson is a resident of the state of Washington. He asserts that this court must give deference to the court's findings of fact. This argument is without merit. Our review of jurisdictional facts is de novo. And, in any event, the findings are supported only by a Washington address that Mr. Robinson does not assert is his home. While Mr. Robinson was a Washington resident before moving to Connecticut, the couple sold their Washington home, purchased a home in Connecticut, and showed no intent to move back to Washington. Moreover, Mr. Robinson shows that he did not consider himself a Washington resident during the Washington dissolution proceedings. Based on this record, Ms. Robinson met her burden of showing that the couple changed their residency to Connecticut.
¶ 23 The trial court erred by concluding that Ms. Robinson failed to show that Mr. Robinson had changed his residence. Mr. Robinson admitted that he was not a resident of Washington and the petition merely gives a Washington address for Mr. Robinson. A Washington address alone is insufficient to establish that he remained a resident once he moved to Connecticut and stated that he was not a Washington resident.
¶ 24 Second, Mr. Robinson asserts that jurisdiction in Washington is proper because Ms. Robinson signed a joinder for the petition of dissolution in which she agreed that jurisdiction is proper. An inquiry into the subject matter jurisdiction of the court requires the court to examine its authority to hear and decide cases. Unlike personal jurisdiction, subject matter jurisdiction is not determined based on the consent of the parties. See In re Marriage of Maddix, 41 Wash.App. 248, 251-52, 703 P.2d 1062 (1985).
¶ 25 Third, Mr. Robinson maintains that jurisdiction is proper because Ms. Robinson cannot show that her residence changed from Washington to Connecticut. He points out that she claims in her memorandum for change of venue that she requested a change of venue to Snohomish County, "where both parties resided at the time of filing the Petition." CP at 40. But a statement in a memorandum is not a statement of fact. Moreover, Mr. Robinson himself acknowledged *536 that her residence had changed when he stated in his declaration that neither of them was a resident of Washington when the petition was filed.
¶ 26 Further, Ms. Robinson's declarations and deposition testimony show that from January 31, 2005, when the petition was filed, until July 5, when the decree of dissolution was entered, Ms. Robinson lived in Connecticut, but temporarily visited Washington and Thailand, returning to Connecticut for the start of school. There is sufficient evidence to show that Ms. Robinson changed her residence to Connecticut.
¶ 27 Fourth, Mr. Robinson points out that a court's final decree is not void if the court obtained subject matter jurisdiction before the final decree was entered. See Ways, 85 Wash.2d at 700, 538 P.2d 1225. He maintains that Ms. Robinson was a resident of Washington in fact for three months prior to the entry of the decree of dissolution.
¶ 28 The decree was entered in July 2005. At that time, Ms. Robinson was staying in Washington with friends. She maintains that she left Connecticut because Mr. Robinson had locked her out of their home. Even if we assume this visit constituted residence in fact, there must be a showing of an intent to make that place of residence her home. The facts do not support such finding. The evidence shows that Ms. Robinson was staying with friends and was unaware of the pending divorce. In June, Ms. Robinson filed for divorce in Connecticut. Ms. Robinson stated:
Although at the time of filing these documents, we were living in Connecticut, because I knew our marriage was over, it [has] always been my intention to return to Washington, and not to remain indefinitely in Connecticut. However, as a matter of convenience, I decided to hire an attorney and file for divorce in Connecticut since we were both there at the time. This was when my husband filed his Response to my Petition for Dissolution in Connecticut by telling me that we were already divorced, here in Washington. This was news to me, and the first time I knew such a thing had happened.

I needed the next couple of months to gather myself together and prepare to leave my husband and come back to Washington, where I at least have some friends to count on, and who are helping me get back on my feet.
CP at 37 (emphasis added).
¶ 29 While this statement evinces an intent to reside in Washington, her intent is to return to Washington in the future, not in the immediate present. Because Ms. Robinson's statements concerning her wish to return to Washington do not state an immediate intent to make Washington her domicile, they are insufficient to confer subject matter jurisdiction.
¶ 30 Finally, Mr. Robinson argues that jurisdiction was proper because the court entered a finding stating that "[Ms. Robinson] failed to show sufficient proof that jurisdiction was not proper." CP at 116. Subject matter jurisdiction is a question of law. Courts must have subject matter jurisdiction in order to proceed. There is no presumption that courts have jurisdiction unless it is proved otherwise.
¶ 31 There is sufficient evidence to establish that Mr. and Ms. Robinson changed their residence from Washington to Connecticut and that neither spouse reestablished Washington residency during the pendency of this action. Because the requirements of RCW 26.09.030 were not met, the Washington courts lack subject matter jurisdiction over this proceeding. Accordingly, we reverse the denial of the motion to vacate and vacate the dissolution decree. Because of our disposition of this first issue, we need not reach Ms. Robinson's other assertions of error.
¶ 32 Both parties request attorney fees on appeal pursuant to RAP 18.1(c) and RCW 26.09.140. The request for attorney fees are denied.
WE CONCUR: KORSMO and SIDDOWAY, JJ.
NOTES
[1] Ms. Robinson does not challenge personal jurisdiction by Washington courts. The applicable provision determining personal jurisdiction is RCW 4.28.185(1)(f). Unlike subject matter jurisdiction, a party may consent to personal jurisdiction. Here, the parties consented to personal jurisdiction by asking for affirmative relief or making an argument on the merits. See In re Marriage of Maddix, 41 Wash.App. 248, 251-52, 703 P.2d 1062 (1985).