IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In re Marriage of<br><br>Axel Rietschin,<br><br>               Appellant,<br><br>       v.<br><br>Dominika Rietschin,<br><br>            Respondent. | No. 82473-2-I<br><br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br>AND WITHDRAWING AND<br>SUBSTITUTING OPINION |

Appellant Axel Rietschin filed a motion for reconsideration of the opinion filed on July 29, 2022. The panel has determined that the motion for reconsideration should be denied but the opinion filed on July 11, 2022, withdrawn and a substitute opinion filed to amend page 5 as follows:

The last sentence of the first full paragraph on page 5 states:

> However, Axel presented no legal support for his argument that the trial court cannot adjudicate a divorce unless the parties are U.S. citizens.

This sentence shall be replaced and amended as follows:

> However, Axel presented no legal support for his argument that the trial court cannot adjudicate a divorce if the parties are present in the U.S. on temporary nonimmigrant visas.

Now, therefore, it is hereby

ORDERED that Appellant's motion for reconsideration is denied and the opinion filed on July 11, 2022, shall be withdrawn and a substitute opinion amending the last sentence of the first full paragraph on page 5 shall be filed. The remainder of this opinion shall remain the same.

It is further ORDERED that there being no need to further expedite this matter, Appellant's motion to expedite is denied.

Dated this 22 day of August, 2022.

_____
Chung, J.

_____
Coburn, J.

_____
Verellen, J. P.T.

FILED
9/6/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

In the Matter of the Marriage of: )
)
AXEL RIETSCHIN, ) No. 82473-2-I
)
    Appellant, )
)
  and ) UNPUBLISHED OPINION
)
DOMINIKA RIETSCHIN, )
)
)
    Respondent. )

CHUNG, J. — Axel Rietschin appeals the trial court's dissolution of his marriage to Dominika Rietschin.[1] Axel asserts that the superior court lacked subject matter jurisdiction over the parties' marriage because they were both foreign nationals who intended to return to their home countries at some time in the future. RCW 26.09.030 allows anyone who is, or is married to, a Washington resident, to seek a divorce in this state. Residence in this context means domicile, which requires both residence in fact and an intent to make a place of residence one's home. Here, evidence at trial showed that ever since they moved to Washington for Axel's work, Dominika and Axel were both physically present in Washington, Dominika considered Washington her home, and she intended to stay here. The evidence established her domicile was Washington. Therefore, the trial

---

[1] Because the parties shared a last name, we refer to them by first name for clarity. We intend no disrespect.

court had authority to adjudicate the dissolution and issue attendant orders relating to property division and child custody and support.

We affirm.

FACTS

Dominika, a Polish citizen, and Axel, a Swiss citizen, married in Switzerland in 2012. In 2014, Dominika, Axel, and their two children moved to Washington for Axel's work. They rented a house and shipped their belongings from Switzerland. They enrolled the children in local public schools and got them involved in after-school activities and summer camps, established medical care, engaged in cultural and community activities, and registered their vehicles in Washington. They both held jobs in Washington. They borrowed money toward the purchase of a home here, though the purchase fell through due to inspections.

Dominika and Axel separated in October 2018, and Dominika filed for dissolution in April 2019. Axel contested the court's jurisdiction over the dissolution proceedings, arguing that because he was in Washington on a "temporary" work visa, he and his dependents were not domiciled here. At trial, Dominika testified that Axel's job was a permanent position—an opportunity for him to make his career—and that the parties had no concrete plans or date to return to Switzerland. She recounted that she viewed the family's 2014 relocation to Washington as "a new beginning." She further stated that her personal intent was to remain permanently in Washington with her two children she had with Axel, her fiancé, and her new baby. Axel characterized his status as a temporary worker as "like a tourist in this country." He testified that the plan was always to return to

Switzerland, and the only thing that changed was the anticipated date of return. Axel kept his apartment in Geneva and rented it to students.

The trial court determined that the domicile requirement was met and that it had jurisdiction to dissolve the parties' marriage. After finding it had jurisdiction, the court then dissolved the parties' marriage and divided property according to the parties' Swiss marital contract. The court also awarded Dominika custody and primary decision-making authority over the children and ordered Axel to pay child support. Further, the court awarded Dominika attorney fees based on the parties' need and ability to pay and imposed sanctions and civil penalties against Axel for repeated failure to comply with court orders.

Axel appeals the trial court's exercise of jurisdiction over the divorce proceedings.

ANALYSIS

I. Domicile and Subject Matter Jurisdiction

Axel contends that the trial court lacked subject matter jurisdiction over the dissolution because the parties were not residents of Washington.[2] A trial court's decision as to subject matter jurisdiction is a question of law that we review de novo. Conom v. Snohomish Cnty., 155 Wn.2d 154, 157, 118 P.3d 344 (2005).

---

[2] Though the parties use the term "subject matter jurisdiction," the state constitution vests the superior court with subject matter jurisdiction over matters including "of divorce, and for annulment of marriage." Const. art. IV, sec. 6. "Subject matter jurisdiction is the authority of the court to hear and determine the type of action before it." In re Marriage of Robinson, 159 Wn. App. 162, 167, 248 P.3d 532 (2010) (citing In re Adoption of Buehl, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976)). We note that a "[tribunal] does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate." Marley v. Dep't of Labor & Indus., 125 Wn. 2d 533, 539, 886 P.2d 189 (1994). More precisely, then, the issue here is whether the court had authority pursuant to RCW 26.09.030 over the dissolution based on either spouse's residency in the state.

RCW 26.09.030 requires that in order for a party to file a petition for dissolution in Washington, either the petitioner or the petitioner's spouse must be a resident of the state. Residence, in this context, means "domicile." See In re Marriage of Strohmaier, 34 Wn. App. 14,16, 659 P.2d 534 (1983); Sasse v. Sasse, 41 Wn.2d 363, 365, 249 P.2d 380 (1952) (construing predecessor statute). "Domicil[e] is a jurisdictional fact," and this court conducts a de novo review of the jurisdictional facts. In re Marriage of Robinson, 159 Wn. App. 162, 168-69, 248 P.3d 532 (2010) (citing Mapes v. Mapes, 24 Wn.2d 743, 753, 167 P.2d 405 (1946)).

"The indispensable elements of domicile are residence in fact coupled with the intent to make a place of residence one's home." Strohmaier, 34 Wn. App. at 17. Domicile is primarily a question of intent, which may be shown by both the parties' own testimony and by surrounding circumstances. Mapes, 24 Wn.2d at 748. "[T]he more extrinsic and corroborative evidence [a party] can introduce which is consistent with [their] stated intention, the more likelihood there is that the trier of the fact will believe [them]." Marcus v. Marcus, 3 Wn. App. 370, 371, 475 P.2d 571 (1970) (internal quotation marks omitted) (quoting Thomas v. Thomas, 58 Wn.2d 377, 381, 363 P.2d 107, 110 (1961)). "'[T]he intention to make a home must be an intention to make a home at the moment, not to make a home in the future.'" Strohmaier, 34 Wn. App. at 17 (quoting In re Estate of Lassin, 33 Wn.2d 163, 167, 204 P.2d 1071 (1949)).

Here, the undisputed evidence of Dominika's years lived in Washington, combined with the testimony regarding her subjective intention to remain and make a permanent home here support the trial court's finding that she is domiciled in the state. Dominika stated that she sought a divorce in Washington rather than Switzerland "[b]ecause I live

in United States." She testified that she did not want to return to Switzerland or Poland because "I live here currently, I have three children, and I am in a happy relationship. I don't have reason, frankly, to go back to Europe."

Axel argued that Dominika's intent was illusory, as her immigration status was linked to his and she had no legal right to remain in the country without him. According to Axel, Dominika has no legal way to effectuate her intent. However, Axel presented no legal support for his argument that the trial court cannot adjudicate a divorce if the parties are present in the U.S. on temporary nonimmigrant visas.

We reject Axel's argument based on immigration status and future intent. Neither U.S. citizenship nor U.S. legal status is required to establish domicile for purposes of a dissolution proceeding; Washington's statute, RCW 26.09.030, requires only residency.[3]

The parties' testimony and corroborating evidence presented below unequivocally established Dominika's intent to make Washington her home beginning in 2014 and continuing throughout the dissolution proceedings. The longstanding rule is that "[o]nce acquired, domicile is presumed to continue until changed." Strohmaier, 34 Wn. App. at 17. The burden of proving a change in domicile rests upon the one who asserts it, and the change in domicile must be shown by substantial evidence. Id. Intent to make a home in the future is not relevant to the determination of domicile. See Strohmaier, 34 Wn. App. at 17. Axel's speculation about Dominika's future immigration status after their divorce is

---

[3] Other jurisdictions that have addressed the issue have held that a person with a nonimmigrant visa may still establish domicile for purposes of a residency requirement for dissolution. See, e.g., Maghu v. Singh, 2018 VT 2, 206 Vt. 413, 181 A.3d 518; In re Marriage of Dick, Cal. App. 4th 144, 156, 18 Cal. Rptr. 2d 743 (1993); Bustamante v. Bustamante, 645 P.2d 40, 42 (Utah 1982); Abou-Issa v. Abou-Issa, 229 Ga. 77, 79, 189 S.E.2d 443 (1972); Alves v. Alves, 262 A.2d 111, 115 (D.C. 1970). Further, under ER 413(b), evidence of a party's immigration status is inadmissible unless it is essential to proving an element of a cause of action.

insufficient to meet his burden of proving a change in her domicile by substantial evidence.

Because the court's jurisdiction over a dissolution requires only one party to be a resident, Dominika's residence alone was sufficient for the trial court to adjudicate the dissolution pursuant to RCW 26.09.030 and to issue the attendant rulings on property, parenting and child custody, and maintenance.[4] Thus, we affirm the trial court's rulings in this matter.

II. <u>Attorney Fees</u>

Dominika requests fees on appeal. This court has authority to award attorneys' fees where authorized by statute, agreement, or equitable grounds. <u>In re Marriage of Greenlee</u>, 65 Wn. App. 703, 707, 829 P.2d 1120 (1992). RCW 26.09.140 specifically provides for attorney fees on appeal. In deciding whether to award fees under this statute, we "examine the arguable merit of the issues on appeal and the financial resources of the respective parties." <u>In re Marriage of Griffin</u>, 114 Wn.2d 772, 779, 791 P.2d 519 (1990). RAP 18.1(c) also requires the timely filing of a financial affidavit supporting a party's request for fees based on need.

Dominika timely filed an affidavit of financial need. Axel failed to counter with an affidavit proving his inability to pay. <u>In re Marriage of Fox</u>, 58 Wn. App. 935, 940, 795 P.2d 1170 (1990). Therefore, we grant Dominika's request for attorney fees on appeal.[5]

---

[4] Axel conceded in his reply brief and at oral argument that the trial court had personal jurisdiction over him as well as subject matter jurisdiction to make child custody determinations under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Chap. 26.27 RCW. As such, we need not separately address the trial court's authority or jurisdiction to decide property distribution, child support, and parenting/visitation rights.

[5] Because Dominika established a right to fees under RCW 26.09.140 and RAP 18.1, we need not address her arguments on alternative bases for fees.

Affirmed.

_Cheng, J._

WE CONCUR:

_Coburn, J._                          _Verellen J. P.T._