

**FILED**
**MARCH 11, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Committed Intimate Relationship of: | ) ) ) ) | No. 40141-3-III |
| ELIZABETH YORK, | ) ) | |
| Petitioner, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| DAVID DONOVICK, | ) ) | |
| Respondent, | ) ) | |
| _____ | ) ) | |
| DAVID DONOVICK, a single man, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | |
| ELIZABETH YORK, a single woman, | ) ) | |
| Respondent, | ) ) | |
| ROBERT YORK, | ) ) | |
| Defendant. | ) | |

COONEY, J. — Between April 2013 and February 2021, Elizabeth York and David Donovick cohabitated and held themselves out as a couple. Following their separation, Ms. York filed a petition to dissolve their alleged committed intimate relationship (CIR) and divide the property and debts acquired during their relationship. Both parties were residing in Bellevue, Idaho, when Ms. York filed her petition.

Mr. Donovick responded to Ms. York's petition and filed a complaint for damages and equitable relief, naming Ms. York and her father, Robert York, as defendants. The complaint was based on a dispute over a parcel of property purchased by Ms. York and Mr. Donovick and another parcel purchased by Ms. York and her father. The trial court consolidated Ms. York's petition and Mr. Donovick's complaint for trial. At the conclusion of trial, the court found that Ms. York and Mr. Donovick had been in a CIR from 2013 to 2021, ordered a division of their assets and debts, and denied the relief Mr. Donovick requested in his complaint.

Mr. Donovick appeals, contending the trial court lacked subject matter jurisdiction, erred in concluding that the parties were in a CIR, ordered an inequitable division of their property, and erred in denying him the relief he sought in his complaint.

Finding no error, we affirm.

## BACKGROUND

Although Mr. Donovick provides a statement of facts favorable to his appeal, he fails to assign error to any of the trial court's findings. We therefore glean much of the

2

background from the trial court's findings of fact. *See State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014) (Unchallenged findings are treated as verities on appeal.).

Mr. Donovick and Ms. York met in the summer of 2012 and began dating in December 2012. In the spring of 2013, they moved into a rental house in Seattle, Washington, began sharing expenses, and held themselves out as a couple. The duo also vacationed together and with each other's immediate family members.

In May 2016, Ms. York and Mr. Donovick purchased a cabin near Manson, Washington. The cabin was not habitable in the winter, leading the couple to reside in a townhouse in Redmond, Washington, from November 2016 to April 2017, when they returned to their cabin in Manson. In August 2017, Ms. York and Mr. Donovick each contributed to the purchase of another parcel of real property in Manson. They intended to use the property as a short-term rental. Mr. Donovick and Ms. York traveled throughout southeast Asia between November 2017 and April 2018. The couple rented a room in Ms. York's parent's home on their return to the Pacific Northwest.

In the winter of 2018, Mr. Donovick and Ms. York began spending time at a condominium in Sun Valley, Idaho, owned by Mr. Donovick's family. They remained in Sun Valley until April 2019, when they moved back to their cabin in Manson. By November 2019, the couple returned to Sun Valley as Mr. Donovick had purchased the condominium from his mother.

3

While vacationing in Hawaii in February 2020, Mr. Donovick proposed marriage to Ms. York. She accepted his proposal, and the two became betrothed. The couple purchased a boathouse property with a co-located residence in Manson during the summer of 2020. In August 2020, Ms. York and her father purchased a property that Mr. Donovick and Ms. York intended to use as a short-term rental. Mr. York assisted with the purchase as Mr. Donovick was out of work and unable to qualify for a loan.

Mr. Donovick and Ms. York returned to Sun Valley in late 2020. In December 2020, they purchased a home in Bellevue, Idaho. Mr. Donovick and Ms. York ended their relationship on February 13, 2021.

On May 13, 2021, Ms. York filed a "Petition for Dissolution of Committed Intimate Relationship and Division of Property and Debts" in the Chelan County Superior Court. Clerk's Papers (CP) at 1. In her petition, Ms. York asserted, "Jurisdiction and venue are proper in Chelan County, Washington." CP at 1 (1.5). Mr. Donovick conceded in his response that the Chelan County Superior Court had personal jurisdiction and was the proper venue for the action. Under a separate case number, Mr. Donovick filed a complaint naming Ms. York and her father, Robert York, as defendants. In the complaint, Mr. Donovick alleged breach of contract, quantum meruit, an equitable lien, and tortious interference with a business expectancy, all related to the two properties purchased in Manson. The court consolidated Mr. Donovick's complaint with Ms. York's petition for trial.

4

Ms. York's petition and Mr. Donovick's complaint were tried to the bench in April 2023. Thereafter, the trial court found the parties were in a CIR from April 2013 until February 13, 2021. The court divided the property and debts that Ms. York and Mr. Donovick had acquired during their CIR. The trial court denied Mr. Donovick relief on each of his claims.

Mr. Donovick appeals.[1]

ANALYSIS

On appeal, Mr. Donovick argues the trial court erred when it: (1) awarded a monetary judgment against him; (2) failed to find that Ms. York and her father had breached a contract; (3) failed to apply the equitable theory of quantum meruit; (4) found it had subject matter jurisdiction and declined to rule on the question of subject matter jurisdiction prior to trial; (5) concluded that he and Ms. York were in a CIR; and (6) failed to consider all of the parties' property.

As an initial matter, Mr. Donovick assigns error to "[t]he money judgment" but neglects to present any argument on the issue. Br. of Appellant at 3. As for his assignment of errors related to his breach of contract claim and equitable theory of quantum meruit, Mr. Donovick merely asserts, "[h]ad the trial court correctly ruled that it

---

[1] Mr. Donovick filed a notice of appeal on December 14, 2023. Ms. York and her father filed a notice of cross appeal on December 22, 2023. Ms. York and Mr. York subsequently moved to withdraw their cross appeal.

did not have jurisdiction to hear the CIR, Mr. Donovick's other claims of breach of contract and quantum meruit would have provided adequate remedies." Reply Br. of Appellant at 19. Mr. Donovick fails to provide a meaningful argument or any analysis explaining why his breach of contract claim and equitable theory of quantum meruit were improperly denied by the trial court.

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Issues presented without meaningful analysis need not be considered. *State v. Rafay*, 168 Wn. App. 734, 843, 285 P.3d 83 (2012); *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Because Mr. Donovick fails to provide a meaningful argument or any analysis in support of his assignments of error that the trial court improperly denied his claims and erred in entering the monetary judgment against him, we decline to review these issues. *State v. Stubbs*, 144 Wn. App. 644, 652, 184 P.3d 660 (2008) ("Passing treatment of an issue or lack of reasoned argument is insufficient to allow for our meaningful review.") *rev'd on other grounds by* 170 Wn.2d 117, 240 P.3d 143 (2010).

SUBJECT MATTER JURISDICTION

Mr. Donovick asserts the trial court did not have subject matter jurisdiction to decide Ms. York's CIR dissolution petition because neither party was a resident of the State of Washington when the complaint was filed nor during the pendency of the case.

6

He urges us to apply the residency requirement of RCW 26.09.030 to CIR proceedings.
We decline his request.

Notably, Mr. Donovick did not challenge the trial court's personal jurisdiction. If
a defendant fails to raise a defense of personal jurisdiction in a responsive motion or
pleading, it is waived. *Castellon v. Rodriguez*, 4 Wn. App. 2d 8, 15, 418 P.3d 804
(2018).

Before the trial court and now on appeal, Mr. Donovick challenges the trial court's
subject matter jurisdiction. "Jurisdiction over the subject matter of an action is an
elementary prerequisite to the exercise of judicial power." *In re Buehl*, 87 Wn.2d 649,
655, 555 P.2d 1334 (1976). "'Subject matter jurisdiction refers to a court's ability to
entertain a type of case, not to its authority to enter an order in a particular case.'"
*Boudreaux v. Weyerhaeuser Co.*, 10 Wn. App. 2d 289, 295, 448 P.3d 121 (2019) (quoting
*In re Marriage of Buecking*, 179 Wn.2d 438, 448, 316 P.3d 999 (2013)). Hence, "[a]
court has subject matter jurisdiction where it has authority 'to adjudicate the type of
controversy involved in the action.'" *In re Marriage of McDermott*, 175 Wn. App. 467,
480-81, 307 P.3d 717 (2013) (quoting *Shoop v. Kittitas County*, 108 Wn. App. 388, 393,
30 P.3d 529 (2001), *aff'd on other grounds by* 149 Wn.2d 29, 65 P.3d 1194 (2003)).

Superior courts are courts of general jurisdiction that possess the "'power to hear
and determine all matters, legal and equitable, . . . except in so far as these powers have
been expressly denied.'" *In re Marriage of Weiser,* 14 Wn. App. 2d 884, 905, 475 P.3d

7

237 (2020) (alteration in original) (quoting *In re Marriage of Major*, 71 Wn. App. 531, 533-34, 859 P.2d 1262 (1993)). Article IV, section 6, of the Washington Constitution grants the superior courts jurisdiction over "all cases and . . . all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." *See also Weiser*, 14 Wn. App. 2d at 905. "Washington courts lack subject matter jurisdiction only in compelling circumstances." *Amy v. Kmart of Wash. LLC*, 153 Wn. App. 846, 852, 223 P.3d 1247 (2009). Unlike personal jurisdiction, subject matter jurisdiction is not subjugated to the consent of the parties. *See In re Marriage of Maddix,* 41 Wn. App. 248, 251-52, 703 P.2d 1062 (1985).

A trial court's ruling on subject matter jurisdiction is a question of law we review de novo. *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005).

Mr. Donovick argues the subject matter jurisdiction requirements of RCW 26.09.030 should apply to CIR proceedings. Mr. Donovick contends the trial court lacked subject matter jurisdiction to hear and decide the case because neither party was a resident of Washington when Ms. York filed her petition. We decline to apply the residency requirements of RCW 26.09.030 to CIR proceedings.

Marriage and domestic partnership are recognized and regulated by statute. *See* RCW 26.04.010; RCW 26.60.015. Although superior courts generally have the power to hear and determine all matters, because these relationships are governed by statute, a superior court lacks jurisdiction over the dissolution of such relationships unless

8

jurisdiction has been conferred by statute. *See In re Marriage of Major*, 71 Wn. App. 531, 533-34, 859 P.2d 1262 (1993). Under RCW 26.09.030, a superior court's subject matter jurisdiction is limited to dissolving marriages and domestic partnerships in which at least one of the parties to the relationship is a resident of Washington or a member of the armed forces stationed in Washington.

Unlike marriage or domestic partnerships, CIRs were spawned by the judiciary. *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). A CIR is not the same as a marriage. *Davis v. Dep't of Employment Sec.*, 108 Wn.2d 272, 278-79, 737 P.2d 1262 (1987). Rather, a CIR is a "stable, marital-like relationship where both parties cohabitate with knowledge that a lawful marriage between them does not exist." *Connell*, 127 Wn.2d at 346. The use of the term "marital-like" is an analogy because defining CIRs as marriage would create a de facto common law marriage, which our legislature has refused to do. *See Peffley-Warner v. Bowen*, 113 Wn.2d 243, 249, 778 P.2d 1022 (1989); RCW 26.04.010(1).

The genesis of CIRs is grounded in public policy. *Lindsey*, 101 Wn.2d at 304. The Supreme Court has recognized the public interest in protecting "unmarried parties who acquire property during their relationships by preventing the unjust enrichment of one at the expense of the other when the relationship ends." *Byerley v. Cail*, 183 Wn. App. 677, 686, 334 P.3d 108 (2014). Consequently, when a CIR terminates, courts may

equitably divide the parties' property in a manner similar to marriage dissolution proceedings. *Connell*, 127 Wn.2d at 351.

Here, the superior court possessed subject matter jurisdiction over Ms. York's CIR petition under its broad general jurisdiction. Unlike the dissolution of statutorily regulated relationships that mandate a residency requirement before a superior court gains subject matter jurisdiction, CIRs are judicially created and fall under the broad constitutional power of the superior courts to hear and determine all proceedings in which jurisdiction has not been vested exclusively in another court. Moreover, applying the residency requirements of RCW 26.09.030 to CIR proceedings would inch CIRs toward de facto common law marriages, a step neither the Supreme Court nor the legislature decided to take.

Under the expansive authority of article IV, section 6 of the Washington State Constitution, the superior court had subject matter jurisdiction over Ms. York's CIR petition.

Mr. Donovick next asserts the trial court erred when it failed to decide the issue of subject matter jurisdiction prior to trial. We disagree.

A party may challenge subject matter jurisdiction at any time. *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 123-24, 989 P.2d 102 (1999). Even if a court ultimately decides it lacks subject matter jurisdiction, it always

has the jurisdiction to determine whether subject matter jurisdiction is proper. *In re Marriage of Kastanas*, 78 Wn. App. 193, 201, 896 P.2d 726 (1995).

Superior courts possess the inherent power and obligation to control all their necessary functions in order to promote the effective administration of justice. *State v. Wadsworth*, 139 Wn.2d 724, 740, 991 P.2d 80 (2000). These inherent powers "are neither derived from nor dependent upon express constitutional authority, but the courts are empowered to do all that is reasonably necessary for the efficient administration of justice." *Id.* at 740-41.

Due to the fact-specific residency arguments raised by the parties, judicial economy was best served when the trial court chose to address the question of subject matter jurisdiction in conjunction with the issues presented at trial. The trial court did not err when it failed to decide the question of subject matter jurisdiction prior to trial.

COMMITTED INTIMATE RELATIONSHIP

Mr. Donovick argues the court erroneously concluded that he and Ms. York were in a CIR because "they had group sexual relations with other people and most telling, the day of their breakup, Ms. York moved in with another man in Idaho who she continued to reside with through trial." Br. of Appellant at 11. We disagree.

We review a trial court's determination that a CIR existed as a mixed question of law and fact. *In re Marriage of Pennington*, 142 Wn.2d 592, 602-03, 14 P.3d 764 (2000). A trial court's conclusions of law are reviewed de novo. *Conway Constr. Co. v.*

*City of Puyallup*, 197 Wn.2d 825, 830, 490 P.3d 221 (2021). We review challenges to a trial court's findings of fact under the substantial evidence standard. *In re Dependency of Schermer*, 161 Wn.2d 927, 940, 169 P.3d 452 (2007). "Substantial evidence exists if, when viewing the evidence in the light most favorable to the prevailing party, a rational trier of fact could find the fact more likely than not to be true." *In re Welfare of X.T.*, 174 Wn. App. 733, 737, 300 P.3d 824 (2013). Unchallenged findings of fact must be accepted as verities on appeal. *State v. Stenson*, 132 Wn.2d 668, 697, 940 P.2d 1239 (1997). We will not reweigh evidence or reassess witness credibility on appeal. *Id.*

Five nonexclusive factors guide a trial court's determination of the existence of a CIR: "continuous cohabitation, duration of the relationship, purpose of the relationship, pooling of resources and services for joint projects, and the intent of the parties." *Connell*, 127 Wn.2d at 346. These factors are not to be applied in a hypertechnical fashion nor is one factor more important than another. *In re Long & Fregeau*, 158 Wn. App. 919, 926, 244 P.3d 26 (2010).

On appeal, Mr. Donovick does not assign error to any of the trial court's findings of fact. Thus, we accept the trial court's findings as true. Based on its findings, the trial court concluded each *Connell* factor weighed in favor of the existence of a CIR. On appeal, Mr. Donovick only challenges the trial court's conclusion that Ms. York intended to be in a CIR. Specifically, Mr. Donovick argues Ms. York's infidelity, admission that

12

she had emotional connections to other men, and her involvement with another man immediately upon separation evinces her lack of intent to be in a CIR. We disagree.

Although evidence of infidelity may weigh against a party's intent to be in a CIR, infidelity alone is not conclusive. *Muridan v. Redl*, 3 Wn. App. 2d 44, 60, 413 P.3d 1072 (2018). To hold otherwise would place one *Connell* factor above the other factors and deem the remainder of a court's findings irrelevant. Periods of infidelity do not necessarily undermine the existence of a CIR if, on balance, the other *Connell* factors establish the existence of a CIR. *Long*, 158 Wn. App. at 927.

Here, the trial court found all the *Connell* factors weighed in favor of the presence of a CIR. Over their eight-year relationship, Ms. York and Mr. Donovick both engaged in sexual relations with others, either individually or in a group setting. During the same period, the couple almost continuously resided together, moved between cities and states together, purchased real and personal property together, pooled their resources and shared expenses, made plans for their future together, and publicly held themselves out as a couple. Open infidelity does not negate the parties' behavior over their eight-year relationship.

Mr. Donovick's claim that Ms. York's infidelity undermined Ms. York's intent to be in a CIR is unpersuasive. Substantial evidence supports the trial court's conclusion that the parties intended to be in a CIR.

13

EQUITABLE DISTRIBUTION OF PROPERTY

In his initial brief, Mr. Donovick argues, "Ms. York failed to provide necessary financial information to the court in *violation of local rules* and prevented a just and equitable allocation of the assets."  Br. of Appellant at 16 (emphasis added).

Absent from Mr. Donovick's brief is any citation to the local rule Ms. York is alleged to have violated, any analysis of the local rules, or any explanation of how Ms. York violated the local rules.[2]  For the first time in his reply brief, Mr. Donovick cites LCR 94.04.  This court does not consider arguments raised for the first time in the reply brief.  *Sacco v. Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990).  Rather, a reply brief must be limited to "a response to the issues in the brief to which the reply brief is directed."  RAP 10.3(c).  Addressing issues raised for the first time in a reply brief would be unfair to the other party who was deprived of the opportunity to respond.  *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014).

Moreover, Mr. Donovick did not object to Ms. York's alleged nondisclosure of assets until the trial court released its "Findings, Conclusions, and Order on Bench Trial."  CP at 754.  The purpose of raising an objection during trial is to provide the trial court an

---

[2] The only reference to a local rule found in the Appellant's Brief is in the Table of Authorities.  There, Mr. Donovick cites LCR 16(e), which states, "Exhibits.  Parties shall notify the trial judge and the opposing party by letter if that party anticipates offering 25 exhibits or more at the time of trial.  Said notice shall be given no less than two (2) weeks prior to the trial date."

opportunity to correct any errors before the case is presented on appeal. *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013). "[T]here is great potential for abuse when a party does not object because '[a] party so situated could simply lie back, not allowing the trial court to avoid the potential prejudice, gamble on the verdict, and then seek a new trial on appeal.'" *State v. Weber*, 159 Wn.2d 252, 271-72, 149 P.3d 646 (2006) (quoting *State v. Sullivan*, 69 Wn. App. 167, 172, 847 P.2d 953 (1993)).

Notwithstanding Mr. Donovick's procedural deficiencies, RAP 2.5(a)(3) allows a party to raise a manifest error affecting a constitutional right for the first time on appeal. RAP 2.5(a)(3) applies to civil cases. *State v. WWJ Corp.*, 138 Wn.2d 595, 601, 980 P.2d 1257 (1999). For a party to satisfy the exception under subsection (3), the court construes the exception narrowly and requires the asserted error be manifest and truly of constitutional magnitude. *Id*. at 602. An error is manifest if the appellant makes "'a plausible showing . . . that the asserted error had practical and identifiable consequences in the trial of the case.'" *Id*. at 603 (quoting *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992)).

Here, Mr. Donovick has failed to show how he was prejudiced other than to claim that the retirement and bank accounts should have been disclosed to the trial court. These accounts would only be subject to equitable distribution as community property if they were truly community property. *Morgan v. Briney*, 200 Wn. App. 380, 391, 403 P.3d 86 (2017). To be considered community property, a portion of the accounts must have been

15

attributable to community efforts. *Id.* at 392. Mr. Donovick has failed to make this requisite showing. Mr. Donovick has therefore failed to establish a manifest error entitling him to review.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

I CONCUR:

_____
Murphy, M.

No. 40141-3-III

LAWRENCE-BERREY, C.J. (concurring) — I agree the trial court had subject matter jurisdiction to adjudicate the parties' committed intimate relationship claim. I write separately because we should take this opportunity to overrule a prior decision.

In *In re Marriage of Robinson*, 159 Wn. App. 162, 167, 248 P.3d 532 (2010), we held that the legislature had authority to limit a superior court's jurisdiction in divorce actions. There, we construed RCW 26.09.030 in a manner that, if applied to committed intimate relationships, would have deprived the trial court here of subject matter jurisdiction. *Id.* at 168. In my view, the simplest way of affirming the trial court is to overrule *Robinson*.

Washington State Constitution article IV, section 6 expressly gives superior courts original jurisdiction over "all matters of . . . divorce." The legislature has no power to restrict the constitutional reaches of jurisdiction. *James v. Kitsap County*, 154 Wn.2d 574, 588, 115 P.3d 286 (2005). The *Robinson* court, in its holdings, failed to consider the superior court's constitutional grant of jurisdiction. For this reason, *Robinson* was wrongly decided, and we should overrule it.

_____
Lawrence-Berrey, C.J.